## Aubel Estate *v.* Noe et al., Appellants.

*Opening judgment—Hearing on merits—Waiver of formal defects.*

Where the defendants, with the record before them, instead of denying jurisdiction and asking that a judgment be stricken off, pray for a rule that the judgment be opened and that they be let into a defense on the merits, they must be held to have waived all mere formal defects in the writ, and the manner of service, and to have submitted to the jurisdiction of the court. They cannot, after testimony has been taken under a rule to open the judgment, ask for a rule to strike off the judgment for want of jurisdiction.

The refusal to open the judgment will not be reversed, on appeal, where there is no evidence of abuse of judicial discretion.

Argued Oct. 22, 1918.   Appeal, No. 196, Oct. T., 1918, by defendants, from judgment of Municipal Court of Philadelphia, March T., 1918, No. 139, discharging rule to open judgment and to strike off judgment in case of estate of F. Aubel, Deceased, and Emil F. Aubel, trading as F. & E. Aubel, v. William L. Noe, J. Harry Wadlow and Louis T. Laufenberg, Trading as Noe-Wadlow Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Rule to open judgment and to strike off judgment.

The opinion of the Superior Court states the case.

The court discharged the rule to open the judgment and to strike off the judgment.

*Error assigned* was the order of the court.

*Joseph J. Broadhurst,* for appellants.—The service of the writ was defective and the judgment should have been stricken off: Heister v. Muhlenberg, 2 Woodward 1; Gilbough v. Keller, 3 W. N. C. 78; Lehigh Valley Ins. Co. v. Fuller, 81 Pa. 398; Gas Engine Co. v. McFarland, 8 Dist. Rep. 133; Hunt v. Economical Mutual Benefit Assn., 17 W. N. C. 423.

Both the rules to strike off and to open judgment were available to defendant: Post v. Wallace, 110 Pa. 121; Ringwalt v. Brindle, 59 Pa. 51; Williams v. Notopolos, 247 Pa. 554; Lawrence v. Smith, 215 Pa. 534; Bowman v. Berkey, 259 Pa. 327.

*Edwin S. Ward,* for appellee.—The defendants could not object to the jurisdiction of the court after they had submitted themselves to it, and the rules were properly discharged: Jeannette Boro. v. Roehme, 9 Pa. Superior Ct. 36; Phila. v. Adams, 15 Pa. Superior Ct. 483; Cosmos B. & L. v. Courtney, 257 Pa. 153; Applebee's App., 126 Pa. 385.

OPINION BY PORTER, J., July 17, 1919:

This is an action of assumpsit in which judgment was entered in the court below against the defendants for want of an answer. The appellants subsequently presented their petition to the court below alleging an irregularity in the service of the summons and, also, a defense upon the merits to a part of plaintiffs' claim, which defense they set forth at length. They did not, at that time, ask to have the judgment stricken from the record upon the ground of irregular service of the summons, but prayed that the judgment be opened and that they should be permitted to make defense to the action. The court, on April 6th, granted a rule upon the plaintiffs to show cause why the judgment should not be opened and the defendants let into a defense. The plaintiffs filed an answer to this rule denying all the allegations contained in the petition to open the judgment as to a defense upon the

merits. The parties took depositions in support of their respective contentions as to the defense upon the merits. The printing of this testimony in the paper-book of the appellants required almost one hundred pages, and the testimony was filed in the court below on May 7th. The appellants, upon the same day that this testimony was filed moved the court for a rule to strike off the judgment, which rule the court granted. The court, on May 24th, discharged both rules.

Had the appellants in the first instance stood upon their alleged right to have the judgment stricken from the record, for irregularities appearing upon the face thereof they might in case of a decision against them upon that question have been in position to move to have the judgment opened for reasons founded on the merits of the controversy : Bowman v. Berkey, 259 Pa. 327. This they did not do. Instead of resting on denial of jurisdiction of the person, on the ground of defective service of the writ, they alleged a defense on the merits based on their own version of the transaction and put the plaintiffs to the expense of taking depositions under the rule to open the judgment, and delayed the collection of any amount to which the plaintiffs were entitled. It was only after the testimony had been taken and they thus had an opportunity to estimate what their chances were under the rule to open the judgment, that they sought to withdraw the case from consideration by the court upon its merits and moved to strike off the judgment, upon the ground of defective service of the writ. The appellants must, in these circumstances, be held to have waived any irregularity in the service of the writ and the belated rule to strike off the judgment was properly discharged : Jeannette Borough v. Roehme, 9 Pa. Superior Ct. 33, and 197 Pa. 230 ; Phila. v. Adams, 15 Pa. Superior Ct. 483.

The testimony upon the merits of the controversy was conflicting, as to some of the items of plaintiffs' claim, but the defendants did not deny that the greater part of it was due and owing. We have carefully considered the

Opinion of the Court.     [72 Pa. Superior Ct.

testimony as to the items of the plaintiffs' claim which were in dispute and are not convinced that the refusal of the court below to open the judgment involved an abuse of discretion.

The judgment is affirmed.