Pee Cueiam,
 

 This appeal, by a father of a ten year old daughter, is from an order of the municipal court giving custody of the child to her aunt and uncle. The only testimony to support the charge that the father was not fit to have the custody of his daughter was given by the child’s maternal aunt, one of the respondents. The respondents offered to call other witnesses to testify relating to the father’s alleged mistreatment of his wife and children, but the court refused to hear them.
 

 In a proceeding where the important question of the custody of a child is involved the pertinent facts should be fully, not partially, developed. Certainly more than one person should be called to testify especially when other witnesses were present in court waiting to be called, as in this case. The lower court referred to the petitioner being delinquent in complying with an order of support for the maintenance of the minor daughter, which may have influenced it in making the present order. That default is not determinative of the question whether the child’s best interest, which is the paramount issue, would be sub-served by putting her in the care and custody of the father or respondents:
 
 Com. ex rel. Cummings et al. v. Nearhoof et ux.,
 
 141 Pa. Superior Ct. 581, 15 A. 2d 529.
 

 This court, in view of the meagerness of the testimony, is of the opinion that this record should be re
 
 *553
 
 mitted to the court below so that additional testimony-may be taken and an order then be made as the court below deems just and proper.
 

 Order reversed and record remitted.