## Parsons v. Kuhn et ux.

*Leo C. Mullen*, for plaintiff.
*Paul E. Beaver*, for defendants.

PATTERSON, P. J., July 24, 1942.—This is a petition to strike off a judgment confessed by virtue of a warrant of attorney contained in a lease in which plaintiff was lessor and defendants lessees, after default in payment of certain rents for the premises described, December 28, 1938.

On February 2, 1942, defendants filed a petition to open the judgment, setting forth various general reasons therefor. On March 9, 1942, defendants filed a petition for rule on plaintiff to show cause why the judgment should not be stricken off for the reason that the confession of judgment was made without a formal affidavit of default being properly executed by plaintiff. Plaintiff filed an answer setting forth that the confession was made upon the said warrant of attorney by David R. Perry, Esq., a member of the bar, who filed with the confession a full and complete statement or declaration specifically containing an averment of default, and a certification that the amount of the judgment is owing and unpaid. Plaintiff answered further that the said confession, in addition to the averment and declaration signed by the attorney, also included a formal affidavit reciting default and other facts; and that the said affidavit was not executed by plaintiff through an oversight of counsel. Plaintiff prayed leave to file the said affidavit nunc pro tunc as of the date of entering the judgment, to wit, December 28, 1938.

Defendants argue that the record of the judgment is defective for the reason that it does not contain a formal affidavit showing default in payment of rent by defendants. The lease, in this respect, states that if the "Tenant shall default in the payment of any instalment of rent" judgment may be confessed. On the other hand, plaintiff contends that defendants' lease contained a waiver and release of all errors in any proceeding, which reads as follows: "with release of all errors"; and that the oversight of counsel in not

having the formal affidavit of default executed was such an error as was intended to be released. The statement and declaration filed with the confession by plaintiff's counsel fully sets forth and avers the fact of default and other circumstances incident thereto. Defendants were fully informed as to all the facts averred in the statement and declaration filed by counsel for plaintiff, and we believe that is sufficient. The judgment being confessed upon the statement or declaration filed by counsel, and defendants being fully informed as to all the facts, there is no reason why the rule to file the formal affidavit of default by plaintiff nunc pro tunc as of the date of entering the judgment should not be made absolute: Peerless Soda Fountain Service Co. v. Lipschutz et al., 101 Pa. Superior Ct. 568.

"To save an honest judgment the court of error will receive the warrant of attorney at any time before the final decision": Altoona Trust Co. v. Fockler, 311 Pa. 426.

In addition to defendants' agreement to "release all errors", as included in their warrant of attorney to confess judgment, they waived the right to strike the judgment off when they filed a petition to open the judgment: Aubel Estate v. Noe et al., 72 Pa. Superior Ct. 215.

Defendants have also filed an additional reason to strike off based upon the proposition that the lessor is not the owner of the property. The court is of the opinion that, defendant lessees being in possession of the premises by virtue of the lease executed between them and plaintiff, they cannot now deny the title of their lessor to his disadvantage.

From a study of the record in this case, and after hearing arguments of counsel for both plaintiff and defendants, the court is convinced that defendants were fully informed by the statement and declaration of default filed by the attorney when the judgment was

confessed, and that plaintiff's rule to file his affidavit of default made by the lessor should be made absolute. Therefore, the rule granted at the instance of plaintiff for authority to execute the affidavit of default by the lessor, which was attached to the writ at the time of confession, nunc pro tunc as of the date of the said judgment, is made absolute, and the rule to strike off the judgment is discharged.

### Decree

Now, July 24, 1942, the rule granted on defendants' motion to strike off judgment is discharged, at the cost of defendants.