Wilson *v.* Northern Insurance Company, Appellant.

156

Argued September 11, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*John B. Pearson,* with him *Bailey and Pearson,* for appellant.

*Arthur A. Kusic,* with him *Melman, Gekas, Kusic & Nicholas,* for appellees.

OPINION BY WRIGHT, J., November 16, 1967:

We are here concerned with an appeal by Northern Insurance Company from an order of the Court of Com-

mon Pleas of Dauphin County discharging a rule to show cause why a judgment entered by default in an assumpsit action should not be opened. The action was instituted by Donald D. Wilson and Jean M. Wilson, his wife, to recover the cost of repairs to their dwelling allegedly necessitated by collapse of the building, one of the perils insured against under a policy issued by the appellant. The procedural situation appears in the following excerpt from the opinion[1] of Honorable CARL B. SHELLEY for the court below:

"On February 7, 1964, the plaintiffs instituted an action in assumpsit against the defendant by filing a complaint. On February 10, 1964, the Sheriff of Dauphin County served a copy of said complaint on one David Brightbill, of the Brightbill Insurance Agency, 2115 North Second Street, City of Harrisburg, County of Dauphin, Commonwealth of Pennsylvania, alleged by the plaintiffs to be the agent of the defendant. On March 5, 1964, pursuant to the praecipe filed on behalf of the plaintiffs, the Prothonotary entered judgment in favor of the plaintiffs and against the defendant [for failure to file an answer] in the sum of $1,366.63.

"On March 18, 1964, on motion of the defendant, rule was granted on the plaintiffs to show cause why the default judgment should not be opened and the defendant allowed to defend the action. The basis for the rule was that the complaint was not served on the defendant in accordance with Pennsylvania R. C. P. 2180 and, therefore, this Court never had jurisdiction of the person of the defendant and, further, that the Prothonotary was without authority to enter a default judgment against the defendant. The defendant also averred that it 'will be greatly prejudiced if it is not allowed to defend this action and seasonably assert the

---

[1] *Wilson v. Northern Insurance Co.*, 85 Dauphin Co. Rep. 323.

lack of jurisdiction over its person, as is permitted by Rule 1017(b)(1) of the Rules of Civil Procedure by petition raising the question of jurisdiction'. The plaintiffs filed an answer to the rule averring that proper service of the complaint had been made upon an agent of the defendant in Dauphin County and, further, that the defendant under R. C. P. 1032 has waived all objections to the service by its failure to file preliminary objections to the alleged lack of jurisdiction of the person. Thereafter, to wit, on August 17, 1964, on motion of defendant, a second rule was granted upon plaintiffs to show cause why defendant should not be granted leave to file an amendment to its petition for its first rule wherein the defendant averred that it has a just, true, and meritorious defense to the plaintiffs' claim and sets forth in substance its defense.

"Thereupon, the parties entered into a stipulation that, for the purpose of disposing of the defendant's second rule, it could be assumed that the defendant has a meritorious defense to the action set forth in the plaintiffs' complaint and that the second rule granted on August 17, 1964 could be discharged".

Stripped of technicalities, the real issue before us is whether the complaint in the case at bar was properly served under the provisions of Pa. R. C. P. No. 2180, which reads in pertinent part as follows: "(a) Service of process within the county in which the action is instituted shall be made upon a corporation or similar entity by the sheriff of that county by handing a copy thereof, attested by the prothonotary or sheriff or certified by the plaintiff to be a true copy . . . (2) to an agent or person for the time being in charge of, and only at, any office or usual place of business of the corporation or similar entity". Having reached the conclusion that the service was valid on the merits, we find it unnecessary to pass upon appellees' contention that the failure to object preliminarily "combined"

with the filing of the petition to open subjected appellant to the jurisdiction of the court.[2]

The Sheriff's Return sets forth that the complaint was served "upon Northern Insurance Company the defendant by personally handing to David Brightbill, Party in charge of their Office at the time of service hereof a true and attested copy of the within Complaint and making known to him the contents thereof at their Office 2115 North Second Street, Harrisburg, Penna., c/o Brightbill's Insurance Agency". Depositions were taken on the specific issue as to whether Brightbill, whose office sold and serviced the policy on which suit was brought, was appellant's agent for purposes of service of process. In other words, the question of jurisdiction was considered under the petition to open exactly as though appellant had filed preliminary objections. The pertinent testimony is summarized in the opinion below as follows:

"An examination of the depositions taken on the rule reveals that the person upon whom the service was made sold insurance for the defendant, that he had authority to accept proposals for insurance for the defendant, that he had authority from the defendant to

---

[2] It has been held that the exclusive method of raising a question of lack of jurisdiction over the person is by preliminary objections under Pa. R. C. P. No. 1017(b) (1): *Monaco v. Montgomery Cab Co.*, 417 Pa. 135, 208 A. 2d 252; and that failure to raise the question of jurisdiction over the person by preliminary objections constitutes a waiver of that defense under Pa. R. C. P. No. 1032: *Yentzer v. Taylor Wine Co., Inc.*, 409 Pa. 338, 186 A. 2d 396. There is also authority for the proposition that a motion to open a judgment, as opposed to a motion to strike, waives formal defects in the writ and the manner of service: *Aubel Estate v. Noe*, 72 Pa. Superior Ct. 215; *Grezwich v. Green*, 162 Pa. Superior Ct. 139, 56 A. 2d 308. By the entry of a general appearance, or any act equivalent thereto, a defendant waives the right to challenge the jurisdiction of the court over his person: *C. E. Williams Co. v. H. B. Pancoast Co.*, 412 Pa. 166, 194 A. 2d 189.

collect money and give receipts for premiums on insurance issued by the defendant company; that he conducted business for the defendant by placing insurance policies with policyholders in the area; that he accepted notification of cancellations from policyholders for the defendant; that he reported claims of losses to the defendant made by its policyholders; that the defendant serviced the plaintiffs' insurance policy; that he contacted the defendant immediately upon notice of loss given by plaintiffs; that he turned over to the defendant letters addressed to it; that the defendant furnished him with stationery bearing the letterhead of the defendant company; that he used such stationery; that he was authorized by the defendant to settle small claims; that he also referred claims of policyholders to the defendant; that he referred plaintiffs' claim to the defendant; and that he handled the cancellation of the policy made by the plaintiffs".

In determining the nature of an agency relationship, each case must be decided on its own facts: *Namie v. DiGirolamo*, 412 Pa. 589, 195 A. 2d 517. On the facts in the instant case the court below held that Brightbill was a proper agent of the appellant for service of process. As previously indicated, we are in accord with this conclusion. "A petition to open a judgment is an appeal to the equitable side of the court, and the petition must establish equitable considerations which convince the court that justice would best be served by opening the judgment . . . and the disposition of the petition will not be disturbed on appeal unless a clear abuse of discretion is shown": *Carrier v. William Penn Broadcasting Co.*, 426 Pa. 427, 233 A. 2d 519. We perceive no abuse of discretion in the case at bar.

Order affirmed.