## Fairview Township, Appellant, v. Borough of Fredonia, Appellee.

Argued November 9, 1973, before Judges KRAMER, WILKINSON, JR. and BLATT, sitting as a panel of three.

*Richard H. Wix,* with him *Wix & Wenger,* for appellant.

*Joseph J. Nelson,* for appellee.

OPINION BY JUDGE KRAMER, December 13, 1973:

This is an appeal by Fairview Township (Fairview) from an order of the Court of Common Pleas of Mercer County, approving the annexation of a portion of Fairview to the Borough of Fredonia (Fredonia).

Charles C. Clark and his wife own 5.18 acres of land in Fairview which they requested be annexed to Fredonia. Their request was made on June 12, 1972 by petition pursuant to Section 426 of the Borough Code, Act of February 1, 1966, P. L. (1965) 1656, 53 P.S. §45426. On July 10, 1972, Fredonia passed an ordinance (Ordinance No. 9-1972) which acted favorably on the petition. Certified copies of the petition and ordinance were filed with the lower court. Fairview then filed a complaint challenging the legality of the annexation. The court took testimony, heard argument, and thereafter approved the annexation on July 4, 1973. Fairview appeals to this Court.

The sole question before us is whether Article IX, Section 8 of the Pennsylvania Constitution of 1968 abrogated all pre-existing legislative procedure with respect to annexation, save for initiative and referendum as provided by the Constitution. Article IX, Section 8 provides:

"Uniform Legislation. The General Assembly shall, within two years following the adoption of this article, enact uniform legislation establishing the procedure for

consolidation, merger or change of the boundaries of municipalities.

"Initiative. The electors of any municipality shall have the right, by initiative and referendum, to consolidate, merge and change boundaries by a majority vote of those voting thereon in each municipality, without the approval of any governing body.

"Study. The General Assembly shall designate an agency of the Commonwealth to study consolidation, merger and boundary changes, advise municipalities on all problems which might be connected therewith, and initiate local referendum.

"Legislative Power. Nothing herein shall prohibit or prevent the General Assembly from providing additional methods for consolidation, merger or change of boundaries."

This question was recently decided in *Middle Paxton Township v. Borough of Dauphin,* 10 Pa. Commonwealth Ct. 431, 308 A. 2d 208 (1973). We noted there that under the said constitutional provision, the Legislature had until April 23, 1970 to enact uniform legislation. We went on to say: "We believe that the language of paragraph one of Article IX, Section 8, of the Constitution of Pennsylvania was a mandate to the Legislature to act within the specified time necessarily abrogating the preexisting legislation sought to be replaced. The Legislature, having thus far failed to act, has thereby caused the initiative and referendum to be the sole remaining procedure for changing boundaries." 10 Pa. Commonwealth Ct. at 439, 308 A. 2d at 211.

Therefore, the order of the Court of Common Pleas of Mercer County approving Fredonia's annexation Ordinance No. 9-1972 is reversed. Said ordinance is hereby declared to be null and void.