## Collier Township *v.* Robinson Township, Appellant.

Argued May 5, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

*Ernest L. Butya,* with him *Joseph I. Lewis,* for appellant.

*Michael B. Kaleugher,* with him *Rosenberg, Kirshner & Kaleugher,* for appellee.

OPINION BY JUDGE MENCER, June 18, 1976:

A boundary dispute between Collier Township and Robinson Township, both in Allegheny County, brings this matter before our Court. The tortuous nine-year history of this litigation must be summarized before proceeding to the issue involved in this case.

Collier and Robinson Townships had lived side by side in apparent harmony for almost ninety years, since the creation of Collier Township in 1874. However, in the middle of this century a new limited-access highway known as Parkway West was constructed near the now disputed boundary between northern Collier Township and southern Robinson Township. The presence of this road increased the commercial value of real estate in the border area and, since 1960, the location of the border has been the subject of discussion and litigation between these two first class townships.

In 1967, Collier Township, pursuant to Section 302 of The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §55302,[1] petitioned the Court of Quarter Sessions (now Common Pleas) of Allegheny County to ascertain the disputed boundary. The petition was accompanied by a paper purporting to bear the signatures of fifty residents and freeholders of Collier Township. A commission was duly appointed under Section 303 of the

---

[1] Section 302 reads: "The courts of quarter sessions may, upon the presentation of a petition signed by at least fifty freeholders, residents of the township, (a) alter the lines of a township and any adjoining township, borough or city so as to suit the convenience of the inhabitants thereof; (b) cause the lines or boundaries of townships to be ascertained and established; and (c) *ascertain and establish disputed lines and boundaries between two or more townships or between townships and cities or boroughs.* When any such petition is presented, the court may require the petitioners to file a bond in sufficient sum to secure the payment of all costs of the proceeding." (Emphasis added.)

Code.[2]  After several unavoidable delays, it held hearings and received testimony on the question of the proper boundary location.   In 1970, the commission rendered its decision which interpreted the metes and bounds descriptions in the original action creating Collier Township and set the border as Campbell's Run Road.   As a result of this decision, some eighteen acres of land previously thought to be in Robinson Township is now located in Collier Township.

Robinson Township contended at that time that Campbell's Run, a small stream south of Campbell's Run Road, was the proper boundary.   Indeed, prior to this dispute Collier Township had evidently also believed that the stream was the proper boundary. Accordingly, Robinson Township filed exceptions to the commissioners' report, which were sustained by the Court of Common Pleas of Allegheny County sitting en banc.   The Court, however, instead of remanding to the commissioners, as was proper, reversed the decision and found in favor of Robinson Township. On appeal, this Court, in *Collier and Robinson Townships Boundary Dispute,* 9 Pa. Commonwealth Ct. 193, 303 A.2d 575 (1973), *allocatur denied,* remanded to the lower court which, on remand, decided to affirm the commissioners' report in toto and dismissed Robinson Township's exceptions.   Robinson Township then appealed to this Court, bringing the litigation to its present stage.

Robinson Township claims for the first time before this or any other tribunal that the petition of Collier Township filed in 1967 had only forty-nine signatures instead of the statutorily required fifty signatures.   It is contended that this alleged deficiency would operate to deprive the lower court, and therefore this Court, of jurisdiction in the matter.

---

[2] 53 P.S. §55303.

It is indisputable that objections as to the lack of jurisdiction over the subject matter or cause of action may be taken at any stage in a judicial proceeding. *Daly v. Darby Township School District*, 434 Pa. 286, 252 A.2d 638 (1969); *Harris-Walsh, Inc. v. Dickson City Borough*, 420 Pa. 259, 216 A.2d 329 (1966). This is so because a court without subject matter jurisdiction continues to be *without the power* to adjudicate the issue before it. However, if the alleged defect is in the method by which a court *having the power to adjudicate the matter* first obtained superintendence of the cause of action, the objection must be raised at the first opportunity or within a reasonable time; otherwise, it is waived. *Papencordt v. Masterwork Paint Co.*, 412 Pa. 508, 194 A.2d 878 (1963); *Wilson v. Northern Insurance Co.*, 211 Pa. Superior Ct. 155, 235 A.2d 458 (1967).

The Court of Common Pleas of Allegheny County clearly has subject matter jurisdiction over this cause of action. Robinson Township's objection regarding the signatures should have been raised upon the filing of the original petition in 1967, at which time the number of signatures could properly have been adjudicated. By failing to raise timely objections, Robinson Township has waived this purported defect.

Order affirmed.