In Re: Establishment of Boundary Between Collier Township and Robinson Township. Collier Township, Appellant.

Argued May 5, 1976, before President Judge Bow-
MAN and Judges CRUMLISH, JR.,WILKINSON, JR., MEN-
CER, ROGERS and BLATT. Judge KRAMER did not par-
ticipate.

*Michael B. Kaleugher,* for appellant.

*Ernest L. Butya,* with him *Joseph I. Lewis,* for ap-
pellee.

OPINION BY JUDGE MENCER, June 18, 1976:

This case concerns the continuing boundary dispute
between Robinson and Collier Townships in Allegheny
County.[1] As part of this dispute, Robinson Township
sought to have a limited-access highway, known as
Parkway West, established as its new southern bound-
ary, thereby *altering* the boundary between it and Col-
lier Township. Accordingly, in October of 1973 it pe-

---

[1] The history of this protracted litigation is summarized in
*Collier Township v. Robinson Township,* 25 Pa. Commonwealth Ct.
227, 360 A.2d 839 (1976).

titioned the court, pursuant to Section 302 of The First Class Township Code (Code), Act of June 24, 1931, P.L. 1206, *as amended*, 53 P.S. §55302,[2] for the appointment under Section 303 of the Code, 53 P.S. §55303, of an independent commission to study the matter.

On January 8, 1974, the Allegheny County Court of Common Pleas appointed a commission to report on the requested boundary alteration. Collier Township filed a timely appeal to this Court contesting the appointment of the commissioners. The order of the lower court has been stayed pending this appeal. We hold that the appointment of a commission to investigate the alteration of boundaries under the Code is no longer a proper procedure.

In *Middle Paxton Township v. Borough of Dauphin,* 10 Pa. Commonwealth Ct. 431, 308 A.2d 208 (1973), *aff'd*, 458 Pa. 396, 326 A.2d 342 (1974), this Court held that Article IX, Section 8 of the Pennsylvania Constitution of 1968 was a mandate to the legislature requiring it to adopt legislation creating uniform procedures for consolidation, merger or change of the boundaries of a municipality. Further, we held that the failure of the legislature to enact such legislation within the constitutionally mandated 2-year period ending in April 1970 would invalidate all preexisting statutory provisions establishing procedures for boundary changes. Since the legislature has not

---

[2] Section 302 reads: "The courts of [common pleas] may, upon the presentation of a petition signed by at least fifty freeholders, residents of the township, (a) alter the lines of a township and any adjoining township, borough or city so as to suit the convenience of the inhabitants thereof; (b) cause the lines or boundaries of townships to be ascertained and established; and (c) ascertain and establish disputed lines and boundaries between two or more townships or between townships and cities or boroughs. When any such petition is presented, the court may require the petitioners to file a bond in sufficient sum to secure the payment of all costs of the proceeding."

acted, the only constitutionally valid procedures for making boundary alterations are initiative and referendum. *See also Fairview Township v. Borough of Fredonia*, 11 Pa. Commonwealth Ct. 251, 312 A.2d 842 (1973). Section 302 of the Code, as it relates to the alteration of township lines to suit the convenience of the inhabitants, is therefore invalid. Hence, the order of the Court of Common Pleas of Allegheny County appointing a commission is in error.

Robinson Township recognizes the principles expressed in the *Middle Paxton Township* and *Fairview Township* cases but urges that we consider its petition as being filed sometime before the April 1970 deadline for the enactment of uniform legislation. However, it is clear that, although the litigation in the boundary dispute as a whole has continued since 1967, the petition for alteration at issue here was not filed until 1973.

Order reversed.