380 A.2d 1299

### COMMONWEALTH of Pennsylvania ex rel. Leah R. SCHWARZ

v.

### Stanley M. SCHWARZ, Appellant.

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Dec. 2, 1977.

96

Parker H. Wilson, Norristown, for appellant.

Martin J. Cunningham, Jr., Norristown, for appellee.

Before . WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

PRICE, Judge:

This is an appeal from the lower court's orders (1) granting custody of two minor children to their mother and (2) denying appellant-father's petition for a rehearing.

Appellee Leah R. Schwarz commenced the instant action by filing what was styled a "petition to confirm custody." A rule to show cause was issued and a hearing was held on September 22, 1976. At the beginning of the hearing, appellant's attorney was called before the court. Counsel explained that he had discussed the matter with appellant and that appellant had stated that he had never been served with process. After noting that he was not authorized to enter an appearance in the matter before the court, counsel left the courtroom.

Prior to introducing evidence on the substantive issue of custody, appellee attempted to establish the fact of service. First, she introduced an affidavit of service signed by Ronald B. Siegel, a deputy constable of Montgomery County. In the affidavit, Mr. Siegel indicated that he personally served

appellant at 2455 Kensington Avenue and that, at the time of service, appellant admitted he was the party named as defendant in the petition to confirm custody. Mr. Siegel then took the stand and substantially confirmed the fact of service. At the close of the hearing, the court awarded appellee custody subject to a specific schedule of visitation.

On September 30, 1976, appellant filed a "petition to vacate order and for rehearing" in which he alleged that he was never personally served. He further averred that, if he had appeared, he would have contested his wife's right to custody and would have requested additional visitation rights. The lower court summarily dismissed this petition without requiring an answer or a hearing.

Appellant first contends that he was never served with process in the instant case, and therefore the lower court lacked the ability to issue an order which would bind him. We find this contention to be without merit.

It is a well established principle of law "that objections as to the lack of jurisdiction over the subject matter or cause of action may be taken at any stage in a judicial proceeding." *Collier Twp. v. Robinson Twp.*, 25 Pa.Cmwlth. 227, 230, 360 A.2d 839, 840 (1976). Questions of personal jurisdiction, venue and notice, which relate to the "method by which a court having the power to adjudicate the matter first obtained superintendence of the cause of action . . .", must be raised at the first reasonable opportunity or they are waived. *Collier Twp. v. Robinson Twp., supra* 25 Pa. Cmwlth. at 230, 360 A.2d at 840; *see also Papencordt v. Masterwork Paint Co.*, 412 Pa. 508, 194 A.2d 878 (1963); *Commonwealth ex rel. Camp v. Camp*, 150 Pa.Super. 649, 29 A.2d 363 (1942).

Appellant contends that his petition for rehearing is analogous to a petition to open a default judgment. Assuming this to be true, we cannot conclude that the lower court abused its discretion in refusing the petition.

In order to prevail on a petition to open a judgment, a party generally must (1) act promptly, (2) plead a sufficient

excuse for the default and (3) aver a meritorious defense. *Taylor v. Humble Oil & Refining Co.*, 221 Pa.Super. 394, 292 A.2d 481 (1972). In trespass actions, the third requirement is unnecessary, at least when the equities otherwise favor the petitioner. In domestic relations cases, where the state has a special interest, the courts have been especially scrupulous to insure equitable results. *Deussing v. Deussing*, 224 Pa.Super. 525, 307 A.2d 382 (1973). Nevertheless, our courts should not, under the guise of equity and fairplay, permit recalcitrant fathers to run roughshod over the legal system by ignoring actual notice of pending custody proceedings and by failing to file preliminary objections to attack improper service in the manner provided under our rules of civil procedure.

In the instant case, appellant admits in his petition that he had actual knowledge of the institution of custody proceedings and the date of the hearing. Appellant alleges no justification or excuse for his failure to participate in the proceedings. Therefore, we find no abuse of discretion in refusing his petition.[1]

Because this appeal is taken from the original custody order in addition to the order denying the petition for rehearing, our inquiry on the issue of service is not over. Appellant contends that the lower court erred when, at the September 22 custody hearing, it made a finding that appellant had in fact been served with process. In support of this contention, appellant argues that the record of the custody hearing establishes an inconsistency between the address of the building at which Constable Siegel, by affidavit, swears that he personally served appellant and the address at which appellant actually conducts his legal practice. In his affidavit, Constable Siegel stated that the petition was personally served at 2455 Kensington Avenue. At the close of the custody hearing, in response to a question from the court,

---

1. Moreover, it has been held that a motion to open a judgment waives formal defects in service. *Wilson v. Northern Ins. Co.*, 211 Pa.Super. 155, 235 A.2d 458 (1967).

appellee's counsel stated that appellant's business address was 2425 Kensington Avenue.

■ First of all, it is important to note that appellant has at no time directed any attack to either the constable's authority to serve a petition of this type or to the fact that service was effectuated without deputization in Philadelphia County. *See Commonwealth ex rel. Swinburne v. Mullen*, 193 Pa.Super. 237, 163 A.2d 920 (1960). Whatever their merit, these contentions are waived. All that appellant is attacking is the fact of service. At the hearing, Constable Siegel testified that he personally knew appellant because he had served him on previous occasions.[2] Based on this version of the facts, the lower court found that appellant had been served. Any inconsistency between addresses merely raised a collateral matter which the court chose to ignore.

■ We hold that where, as in the instant case, the lower court finds the fact of service based on credible evidence, the effect of the court's finding is equivalent to the effect of a properly filed sheriff's return. In the latter case, our courts have repeatedly held that, absent fraud, the facts set forth in the return are conclusively established so long as they are facts of which the sheriff presumptively has personal knowledge. *Hollinger v. Hollinger*, 416 Pa. 473, 206 A.2d 1 (1965). The purpose for this rule is to eliminate the requirement that the sheriff testify in every case in which service is attacked. This rule finds its basis in the presumption that the sheriff properly executes those duties duly authorized by law. *Hollinger v. Hollinger, supra.*

In the instant case, strict application of this rule is inappropriate. Jurisdiction of custody matters is not vested in the minor judiciary. *See* the act of July 15, 1976, P.L. 1014, No. 204, § 303 [42 P.S. § 2303 (Supp.1977–78)]; act of July 7, 1879, P.L. 194, § 1 (42 P.S. § 241) *as amended.*

2. Constable Siegel also testified that he subsequently attempted to serve appellant at his apartment. On this occasion appellant shouted that he was not Mr. Siegel and attempted to shut the door in the constable's face. The constable handed the petition through a crack in the door.

A constable is authorized to serve writs issued by a magistrate, justice of the peace, or alderman. *See* the act of July 9, 1901, P.L. 614, § 1, cl. 16 (12 P.S. § 318); act of April 27, 1911, P.L. 86, § 1 (42 P.S. § 421) *suspended in part by* Pa.R.J.P. No. 381(3); Pa.R.J.P. No. 307. A constable may also serve a writ issued by the court of common pleas where the sheriff is a party and there is no coroner. Act of April 22, 1850, P.L. 549, § 19 (13 P.S. § 41).

■ It is important to emphasize that we are not placing conclusive effect on the constable's affidavit in the instant case. We do hold however that where (1) the lower court finds on competent evidence that service was made (2) the appellant admits that he had actual notice of the hearing in which that finding was made and (3) the appellant's sole attack on direct appeal is against the *fact* of service rather than the authority or procedures employed in effectuating the service, we will give conclusive effect to the court's finding, at least to the extent that the finding is based on the personal knowledge of the serving party.

■ Despite our conclusion that the court did not abuse its discretion, we find that appellant's attack on the merits is valid and requires further development of the record. The scope of appellate review in child custody cases is quite broad, *e. g., Commonwealth ex rel. Gifford v. Miller*, 213 Pa.Super. 269, 248 A.2d 63 (1968). In order to insure the proper discharge of our duty this court has held that the following two requirements must be satisfied: the record must be complete, and the hearing judge must, by his opinion, give us a thorough analysis of that record. In the instant case, appellee was the only witness to testify on the merits. In *Commonwealth ex rel. Joyce v. Cleaver*, 146 Pa.Super. 551, 22 A.2d 545 (1941), we held that to insure a full development of the facts more than one witness should testify. While in that case, other potential witnesses apparently attended the hearing, we feel that the reason for the rule is equally applicable to the instant situation.

The order of the lower court is reversed and the case is remanded for further proceedings consistent with this opinion.

JACOBS, J., dissents and would affirm.