Laflin Borough v. Yatesville Borough v. Jenkins Township. Jenkins Township, Appellant.

Laflin Borough v. Yatesville Borough v. Jenkins Township. Laflin Borough, Appellant.

Argued April 4, 1979, before President Judge BOWMAN and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG and MACPHAIL. Judges CRUMLISH, JR., MENCER and DiSALLE did not participate.

*James R. Anzalone,* for Jenkins Township.

*Edward J. Geist,* for Laflin Borough.

*Joseph J. Musto,* for Yatesville Borough.

OPINION BY PRESIDENT JUDGE BOWMAN, July 24, 1979:

At issue in these appeals is the vitality of certain provisions of Section 502 of The Borough Code,[1] 53 P.S. §45502, in light of the uniform legislation provision Article IX, Section 8 of the Pennsylvania Constitution and the failure of the General Assembly to legislate thereunder.

In June, 1974, Laflin Borough (Laflin), appellant in No. 1548 C.D. 1978, filed in the Court of Common Pleas of Luzerne County a "Petition to Determine Disputed Boundaries." Named as a respondent in said petition is the Borough of Yatesville (Yatesville); appellee in Nos. 1533 and 1548 C.D. 1978. The petition represents that the territory of Laflin is contiguous on its easterly boundary with the westerly boundary of Yatesville. Attached to the petition is a map on which Laflin has designated (a) "the disputed boundary" which it claims to be its rightful easterly boundary, and (b) "the disputed boundary" claimed by Yatesville as its westerly boundary. Invoking Section 502 of The Borough Code, Laflin's petition requests the court "to appoint three commis-

---

[1] Act of February 1, 1966, P.L. (1965) 1656, *as amended.*

sioners to examine and view the disputed boundary and make a report thereon to the Court. . . .''

Three commissioners were appointed. After hearing testimony from registered engineers and residents of the area and receiving in evidence old maps, recorded original charters and deeds and original surveys of the disputed area, the commissioners determined that the boundary was not located where either borough claimed, but that the land in dispute was part of Jenkins Township, appellant in No. 1533 C.D. 1978.

Both Laflin and Yatesville filed exceptions to the commissioners' report, and Jenkins Township was permitted to intervene at this stage of the proceedings. The court, finding the record insufficient to rule on the merits of the exceptions, ordered the commissioners to take further testimony. This done, the commissioners filed an addendum report which, like their initial report, recommended that the disputed area was in Jenkins Township. Pursuant to Section 503 of The Borough Code, 53 P.S. §45503, the court confirmed the report nisi. Thereafter, Laflin and Yatesville filed exceptions. Yatesville's first exception, objecting to the court's jurisdiction to entertain this type of boundary proceeding in light of the provisions of Article IX, Section 8 of the Pennsylvania Constitution, was sustained and is the subject of the instant appeals. We reverse and remand.

In *Middle Paxton Township v. Borough of Dauphin*, 10 Pa. Commonwealth Ct. 431, 308 A.2d 208 (1973), *aff'd* 458 Pa. 396, 326 A.2d 342 (1974), we found that the failure of the legislature to enact by April 23, 1970 ''uniform legislation establishing the procedure for consolidation, merger or change of the boundaries of municipalities,'' as mandated by Article IX, Section 8 operated to abrogate all preexisting nonuniform legislation governing procedure for *consolidation, merger or change* of municipal boundaries.

Thus, we held that initiative and referendum, as further provided by Article IX, Section 8, was "the sole remaining procedure for changing boundaries." *Middle Paxton Township, supra* at 439, 308 A.2d at 211. (Emphasis added.) At issue in *Middle Paxton Township, supra,* were the *annexation* provisions of The Borough Code, specifically Section 427 thereof, 53 P.S. §45427. *Fairview Township v. Borough of Fredonia,* 11 Pa. Commonwealth Ct. 251, 312 A.2d 842 (1973), similarly involved the annexation provisions of The Borough Code.

Before us in the instant appeals is Section 502 of The Borough Code which provides, in pertinent part:

> The court of quarter sessions may, upon presentation of a petition, (i) alter the lines of a borough and any adjoining township, borough or city so as to suit the convenience of the inhabitants thereof, (ii) cause the lines and boundaries of boroughs to be ascertained and established, and (iii) ascertain and establish disputed boundaries between two or more boroughs, between boroughs and cities, or between boroughs and townships. . . .

The lower court concluded that the reasoning of our decisions in *Middle Paxton Township, supra,* and *Fairview Township, supra,* as well as in *In Re: Establishment of Boundary Between Collier Township and Robinson Township,* 25 Pa. Commonwealth Ct. 230, 360 A.2d 841 (1976), was applicable to Section 502 and that, therefore, said section was also invalid.

We are presented in these appeals with a boundary line dispute. The true boundary line between Laflin and Yatesville is unknown and uncertain. That neither borough is certain where the boundary line lies is evidenced by the commissioners' report which found that the area in dispute is part of neither, but rather of Jenkins Township.

As noted above, both the *Middle Paxton Township* and *Fairview Township* decisions involved annexation procedures, clearly within the constitutional provisions relating to "consolidation, merger or change" of municipal boundaries. An annexation necessarily involves some change of existing known boundaries. In a boundary line dispute, on the other hand, the true boundary may not be known. Moreover, resolution of the dispute need not necessarily result in any change of existing boundaries, but could simply be a confirmation of a known boundary.

Examination of *Collier Township, supra,* reveals that, although the statutory provision in question in that case, to wit, Section 302 of The First Class Township Code,[2] 53 P.S. §55302, contains language essentially identical to the language of Section 502 of The Borough Code, we did not declare the entirety of Section 302 to be invalid by reason of the legislature's failure to act. Rather, we held that "Section 302 of the [First Class Township] Code, *as it relates to the alteration of township lines to suit the convenience of the inhabitants,* is . . . . invalid." *Collier Township, supra* at 233, 360 A.2d at 842. (Emphasis added.)

We hold that Section 502 of The Borough Code, as it relates to ascertainment and establishment of disputed boundary lines, has *not* been invalidated by the legislature's failure to act within the mandate of Article IX, Section 8 of the Pennsylvania Constitution. We so hold because the procedure for resolving boundary lines disputes is not a procedure for "consolidation, merger or change" of municipal boundaries within the meaning of Article IX, Section 8. If the Constitution were to be interpreted otherwise, then initiative and referendum would be the only procedures available to resolve municipal boundary line disputes.

---

[2] Act of June 24, 1931, P.L. 1206, *as amended.*

We cannot believe that the drafters of the Constitution intended that the electorate should decide such a factual question in the voting booth. Whether a municipal boundary should be changed is a proper question for the ballot. The electorate, however, cannot be asked to find the line.

We reverse and remand to the Court of Common Pleas of Luzerne County for disposition of the remaining exceptions.

ORDER

Now, July 24, 1979, the final decree of the Court of Common Pleas of Luzerne County is hereby reversed. The record is remanded to said Court for disposition of the remaining exceptions.