Laflin Borough *v.* Yatesville Borough *v.* Jenkins Township, Yatesville Borough, Appellant.

Laflin Borough, Appellant *v.* Yatesville Borough and Jenkins Township, Appellees.

Argued October 10, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR. sitting as a panel of three.

*Edward J. Geist, Cohen, McCall, Rowlands & Geist,* for appellant, Laflin Borough.

*Joseph J. Musto, Griffith, Aponick & Musto,* for appellant, Yatesville Borough.

*James R. Anzalone,* for appellee, Jenkins Township.

OPINION BY JUDGE CRAIG, November 17, 1980:

The Boroughs of Laflin and Yatesville appeal from an order of the Court of Common Pleas of Luzerne County, which, in accordance with a report by commissioners appointed by the court to determine the location of a disputed borough boundary of Laflin,[1] ruled that the area in question is legally within

---

[1] Laflin, pursuant to the Act of February 1, 1966, P.L. 1656, §§502 *et seq., as amended,* 53 P.S. §§45502 *et seq.,* had petitioned the court to appoint three commissioners to examine and view its northeastern boundary, its proper location being disputed by Laflin and the Borough of Yatesville.

Jenkins Township.[2] A schematic diagram of the elements of the dispute is included for reference.

We cannot improve on the summary of the facts given by Judge DALESSANDRO in his opinion for the court en banc below, which we quote:

Yatesville was incorporated in 1878 and Laflin in 1889. Laflin's charter describes the area to be included within the boundaries of the borough as all of lots one, two, three, four, five, six, and parts of eight, nine, and ten of the second division of certified Pittston Township, now Jenkins Township, Luzerne County. The charter also contains a metes and bounds description as well as a designation of total acreage. Without more, there would be no dispute because this description can be plotted fairly accurately.

The difficulty arises from an additional element in the metes and bounds description: a call for the northeastern boundary of Laflin to adjoin the southwestern boundary of Yates-

---

[2] As Judge DALESSANDRO wrote:

The duly appointed commissioners held [two] hearings . . . and filed their report on October 2, 1975, wherein they concluded that the disputed area was neither within the boundaries of Laflin nor Yatesville but rather in Jenkins Township.

Both the Petitioner and Respondent filed Exceptions to the report. Jenkins Township then filed a Petition to Intervene which was granted. By Opinion dated June 30, 1976 the Court [of Common Pleas of Luzerne County], finding the record deficient, remanded the matter to the commission for the taking of additional testimony. After a third hearing . . . the commissioners filed an addendum report which, like the initial report, concluded that the disputed area was in Jenkins Township. This report was confirmed nisi, pursuant to 53 P.S. §45503, on September 14, 1977.

ville. If this call is respected, the remaining parts of the description cannot be satisfied inasmuch as the total acreage of Laflin would increase, and three segments of the metes and bounds description would be altered by several hundred feet each. Moreover, the charter's designation of the lots to be encompassed within Laflin's boundaries would no longer be accurate; to reach the Yatesville border, Laflin would also have to include a large segment of lot twenty-five.

The court below, after approving the commissioners' final report, sustained Yatesville's objection to the court's jurisdiction over boundary disputes. Jenkins Township and Laflin appealed that decision to the Commonwealth Court. We reversed, finding jurisdiction to be proper, and remanded for disposition of the remaining exceptions. *Laflin Borough v. Yatesville Borough v. Jenkins Township*, 44 Pa. Commonwealth Ct. 402, 404 A.2d 717 (1979).

On remand, the court en banc below dismissed the remaining exceptions, thus confirming the commissioners' conclusion as to the location of Laflin's boundary.

The first issue presented on this appeal is whether the court's determination of Laflin's boundary is correct according to the technical rules of interpretation governing the location of boundaries. Laflin argues that the call to Yatesville's boundary as adjoinder must govern the inconsistent metes and bounds call, so that the area adjacent to Yatesville's southwesterly line must be considered to be within Laflin.

We agree with the able discussion of Judge DALESSANDRO, who conceded the validity of the general principle of law favoring calls for adjoinders over metes and bounds calls, but held that it was not applicable to situations like the present case. He correctly stated:

The purpose of the rules of construction is to aid in determining the intention of the parties. An inferior call will prevail where absurd consequences might ensue by giving controlling influence to a superior call, or where a consideration of all the facts and circumstances shows the inferior call to be more reliable or certain, or where the superior call was inserted by mistake or inadvertence. [Baker v. Roslyn Swim

Club, 206 Pa. 192, 213 A.2d 145.] In any event, the call adopted as the controlling one should be the cost consistent with the apparent intent of the parties. See Sugarloaf Township Appeal, 209 Pa. Super. 52, 57, 224 A.2d 225, 227 (1966).

We agree with the court below as to the commissioners' unique fact-finding role. *Collier and Robinson Townships Boundary Dispute,* 9 Pa. Commonwealth Ct. 193, 303 A.2d 575 (1973). The commissioners' reports indicate that they examined the evidence carefully before concluding that the basic intention of Laflin's incorporators was to establish the northeastern boundary at the dividing line between Lots Nos. 1 and 25 of the Pittston second division, and that the call to adjoin Yatesville's southwestern boundary was based on the incorporators' erroneous assumption that Yatesville then extended to that dividing line between lots. Because the two boroughs have not heretofore met at a common boundary, the commissioners determined that the disputed area was part of Jenkins Township.

The court below confirmed that conclusion, as we do now,

[b]ecause all the circumstances pointed to a desire on the part of the incorporators to describe the boundaries of Laflin by lot numbers, total acreage, and courses and distances, . . . [and] the call for adjoinder could only be considered to be based on a mistaken belief as to the location of the Yatesville boundary. We cannot say that the commission erred as a matter of law in rejecting the call for adjoinder and in applying the principles announced in Baker v. Roslyn Swim Club, supra.

A remaining issue, not discussed in the opinion below but pressed by Yatesville as appellant here, is

whether the land should be designated as part of Yatesville rather than Jenkins Township in view of the history of the long association of the questioned area's residents with Yatesville. Yatesville's expert witness at the commissioners' hearings, a registered surveyor, agreed that Yatesville's southwestern boundary, having been accurately determined in a 1920 proceeding, could not be said to encompass the area in question by description. However, Yatesville contends that Laflin and Jenkins Township should be estopped from making a claim to the land because the record contains testimony by residents of the disputed area that they paid their taxes to Yatesville; that Yatesville has provided services consisting of street cleaning, garbage collection, snow removal, and relating to fire hydrants, police protection, and street lights; that deeds and agreements of sale designated the land as located in Yatesville; and that their children attended the school district serving Yatesville.

In support of the estoppel argument, Yatesville cites only 12 Am. Jur. 2d, Estoppel, §89, which states:

> The erection of improvements by one adjoining owner after entering lands in accordance with an agreement, or acquiescence for a long period of time, as to the location of a boundary line, may estop the other from asserting that such boundary line was not the true line.

Apparently, Yatesville has erected no improvements in the area. Its brief claims only that it supplied services. The record agrees: The mayor of Yatesville testified that Yatesville supplied services; he mentioned "fire hydrants" and "street lights" but only in relation to his term "services", thus indicating a supplying of services as to hydrants (water) and street lights (energy), as distinguished from any indication that Yatesville erected hydrants

and lights as improvements themselves. Absent substantial improvements, the estoppel doctrine is therefore inapplicable, in the very terms of the encyclopedic authority cited by Yatesville.

Nor are the residents themselves prejudiced; according to the record, their school district designation is unaffected by the determination and their tax millage remains at the same level.

Therefore, we affirm the order of the trial court.

### ORDER

AND Now, this 17th day of November, 1980, the order of the Court of Common Pleas of Luzerne County, No. 1438 of 1974, dated November 15, 1979, is affirmed.