J-A08011-22
J-A08012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| D.N. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.W. | : | |
| | : | |
| Appellant | : | No. 1103 WDA 2021 |

Appeal from the Order Entered August 2, 2021
In the Court of Common Pleas of Jefferson County Civil Division at No(s):
00807-2020-CD

| | | |
|---|---|---|
| J.C. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| D.W. | : | |
| | : | |
| Appellant | : | No. 1104 WDA 2021 |

Appeal from the Order Entered August 2, 2021
In the Court of Common Pleas of Jefferson County Civil Division at No(s):
00187-2020-CD

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED:  May 13, 2022**

These companion cases[1] involve D.W. ("Father"), who appeals from two

orders entered on August 2, 2021, that arise from custody actions filed by

D.N. ("Mother-D.N.") involving G.W. ("Child-G.W.") (born in October of 2017),

---

[1] The trial court did not consolidate these two cases; rather, as explained in the trial court's two opinions, it decided to hold one combined hearing, not two separate ones.  This Court likewise has not consolidated the two cases but is issuing a single memorandum in response to Father's two appeals.

and J.C. ("Mother-J.C.") involving D.W. ("Child-D.W.") (born in December of 2013). After our review, we vacate the trial court's orders and remand both cases for further proceedings consistent with this decision.

In prior years, Mother-D.N. and Mother-J.C. each had filed various petitions for custody. However, at a pretrial conference held on July 26, 2021, that involved the most recent custody petitions, the trial court determined that the two matters should be heard together on the same date and at the same time. The question as to the date of the custody hearing and the notice received by Father is at the heart of this appeal, *i.e.*, whether the hearing was scheduled for August 2, 2021, or August 3, 2021. On August 2nd Father did not appear for the hearing; rather he appeared on August 3rd. Because of Father's failure to appear on August 2nd, the date that the hearing was actually held, Father was found to be in default and the custody petitions filed by both Mother-D.N. and Mother-J.C. were granted.[2]

Father filed timely appeals from both orders and raises the following three issues in both cases:

---

[2] The first paragraph of the trial court's orders in each case states:

> AND NOW, this 2nd Day of August 2021, Defendant, [Father] … having failed to appear for custody trial on this docket despite proper notice at the July 26, 2021 pretrial conference, this matter being [in] default on the record, it is hereby ordered and decreed that Plaintiffs['] Petition[s] to Modify Custody [are] GRANTED.

Trial Court's Orders, 8/2/2021.

> 1. Did the [l]ower [c]ourt err by entering a judgment in a custody matter by default or on the pleadings in violation of Pa.R.C.P. No. 1915.9?
>
> 2. Did the [l]ower [c]ourt err by awarding custody to the [Appellees] without determining the best interest of the [C]hild[ren] by considering all relevant factors in accordance with 23 Pa.C.S § 5323 and 23 Pa.C.S. § 5328?
>
> 3. Did the [l]ower [c]ourt err by failing to provide proper written notice of the consolidation of two matters and modified trial date?

Father's briefs, A08011-122 (No. 1103 WDA 2021) at 9, A08012-22 (No. 1104 WDA 2021) at 10.

In response to Father's issues, the trial court's opinion relating to Mother-D.N.'s petition provides the following:

> In his first allegation of error, [Father] alleges that the [c]ourt committed legal error when it failed to provide written notice that this matter had been consolidated with [the companion case] and the custody trial rescheduled. The [c]ourt did not consolidate the cases except for purposes of holding one hearing instead of two, though, and [Father] had actual notice about the change and did not object. (*See* Conference Transcript, 07/26/2021). His first allegation of error thus strikes the [c]ourt as mere posturing rather than a legitimate basis for appellate relief.[3]
>
> In his second and third issues, [Father] alleges that the [c]ourt erred by entering an order in default or on the pleadings in violation of Pa.R.C.P. 1915.9 and without determining the best interests of the child[ren] and other relevant factors pursuant to 23 Pa.C.S.[] §§ 5323 & 5328. [Father] chose not to appear,

---

[3] The only difference between the trial court's two opinions centers on the last sentence of the first paragraph. The opinion relating to Mother-J.C. contains the following sentences: "With respect to the above-captioned case, moreover, the hearing date did not change. August 2, 2021 had always been its scheduled date, as reflected in the order filed April 12, 2021." A08012-22 (No. 1104 WDA 2021).

though; he chose not to contest [both Mothers'] claim[s] for custody. Whether it was forgetfulness or a strategic decision he thought would provide an advantage, his actions in that regard told the [c]ourt all it needed to know about his commitment to protecting his [C]hildren's best interests and cooperating with the [Mothers] and the [c]ourt with respect to custody. The result was the order[s] filed August 2, 2021, whereby Father retained shared legal custody of his [C]hildren and was guaranteed visits, but which also guaranteed that they would live primarily with the parent who had demonstrated by her presence that she was actively invested in the parties' child and an appropriate custody arrangement between them.

Trial Court Opinions, 12/9/2021.

We begin by addressing Father's issue concerning Pa.R.C.P. 1915.9, which is included in the custody and visitation section of the Rules of Civil Procedure and entitled "No Default Judgment." That section provides succinctly that "[n]o judgment may be entered by default or on the pleadings." Additionally, the Explanatory Comment states in its entirety:

An order of custody, partial custody or visitation may be obtained in several ways. If the parties reach an agreement, they may seek a consent order pursuant to Rule 1915.7. If they do not reach an agreement and contest the right to the relief sought, the court will enter an order after a hearing pursuant to Rule 1915.10.

Rule 1915.9 governs two additional situations. The first is where there is no appearance by the defendant. In such a case, there is both no consent with respect to the relief sought but also no contest. The rule provides that there shall be no judgment entered by default.

The second is where the parties seek judgment as a matter of law, i.e., on the pleadings. While any action will probably involve questions of law, the determination of the best interest of a child is never a purely legal determination. Rather, a multitude of factual determinations is required. Thus the rule provides that there shall be no judgment entered on the pleadings.

- 4 -

Pa.R.C.P. 1915.9 Explanatory Comment—1981.

In ***Joseph E.H. v. Jane E.H.***, 423 A.2d 739, 742 (Pa. Super. 1980), due to the mother's failure to appear at a hearing, this Court held that the mother "should be given another opportunity to address the merits of the father's petition for redetermination of custody."  We explained:

> The mother's failure to appear at the September 14 hearing appears to have resulted, at least in part, from her counsel's confusion regarding the proper procedure for contesting the jurisdiction of the lower court.  We do not believe that a procedural default arising from such confusion should preclude a parent from presenting evidence on such a sensitive and important matter as the modification of a custody decree.  Although we do not condone the conduct of the mother in shunning the September 14 hearing, we are ever mindful of the fundamental fact that "in all custody disputes, the best interests of the child must prevail; all other considerations are deemed subordinate to the child's physical, intellectual, moral and spiritual well[-]being." ***Garrity v. Garrity***, … 407 A.2d 1323, 1325 ([Pa. Super.] 1979). ***Cf. Commonwealth ex rel. Schwarz v. Schwarz***, … 380 A.2d 1299 ([Pa. Super.] 1977).[4]  Accordingly, we vacate the order of the lower court and remand this case to enable the mother to appear and address the merits of the father's petition for redetermination of custody.

***Id.***

Accordingly, based upon Pa.R.C.P. 1915.9 and the dictates of the ***Joseph E.H.*** case, we are compelled to vacate the trial court's order finding default.  Upon remand, a hearing should be held following proper notice to the parties and the trial court should then formulate findings and conclusions

---

[4] Both the ***Garrity*** and ***Schwarz*** cases were handed down prior to the enactment of Rule 1915.9.  Rather, those cases deal with the facts in the record and the trial court's analysis or failure to properly analyze those facts.

directed at determining the best interests of the Children, which include a determination of the relevant factors found in 23 Pa.C.S. §§ 5323 and 5328.

Orders vacated and the cases remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/13/2022