Commonwealth ex rel. Soloff *v.* Soloff, Appellant.

Argued June 13, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING, J., absent).

*B. Nathaniel Richter,* for appellant.

*Daniel L. Quinlan,* for appellee.

OPINION BY WATKINS, J., September 11, 1969:

This appeal is from the entry of an order for support by the Court of Quarter Sessions of Montgomery County on 24 January, 1969. The order provided for the payment of $750.00 per week for the appellant's wife and daughter.

Appellant contends that the Court of Quarter Sessions of Montgomery County is without jurisdiction to enter any order because there was an order entered in the County Court of Philadelphia County on November 5, 1965, which would be res adjudicata.

On November 5, 1965, the County Court of Philadelphia, after a hearing sur stipulation entered the following order: "11-5-65 Order & Stipulation. Kallick, J. Order $400 wk. for wife and three children, Carol, Lawrence, and Mary Ellen. $100 wk. for support of wife and $300 wk. for support of three children, effective 9-22-65. Deft. shall be given credit against the $400 for all payments made for support of wife and the three children between 9-22-65 and Oct. 20, 1965. The amount of payment for the period of 9-22-65 and Oct. 20, 1965 is agreed upon in the sum of $631. See Stipulation for the bal. of the agrmt."

The Stipulation was as follows: "And Now, as of October 20, 1965, it is stipulated and agreed by and between counsel for the parties that: 1. Defendant shall pay $400.00 a week as support for Mary Soloff, Carol Soloff, Lawrence Soloff, and Mary Ellen Soloff to be allocated as follows: (a) $100.00 a week for the support of Mary Soloff. (b) $300.00 a week for the support of the three children. 2. The order shall be for a three year period, retroactive to September 22, 1965, and during that period shall not be subject to automatic reduction as a result of any of the children becoming self-sufficient, self-sustaining, or marrying. If, however, defendant's financial condition changes, he shall have the right granted under law to petition the court for reduction in the amount of the weekly support. 3. Defendant shall be given credit against the $400.00 for all payments made for the support of Mary Soloff and the children between September 22, 1965 and October 20, 1965. 4. Defendant shall make available as heretofore, at least one automobile to Mrs. Soloff. If defendant desires to make other automobiles available to the children, it is his prerogative but shall not constitute a part of this Stipulation. 5. In addition to the weekly support payments aforesaid, defend-

ant shall continue to pay: (a) All telephone expenses incurred by the wife and children as heretofore; (b) For the following insurance policies: (1) Homeowner's policy on the residence located at 816 Margo Lane, Penn Valley, Narberth, Pennsylvania, which will include fire and extended coverage; (2) Insurance on the automobile which is supplied to Mary Soloff, and, if additional automobiles are supplied to the children, proper insurance coverage on these as well; (3) Maintenance of presently existent life insurance policies on the life of Samuel Soloff of which Mary Soloff or the children are named as beneficiaries. 6. The amount of payment for the period September 22, 1965 to October 20, 1965 is agreed upon in the sum of $631.12.

> Marvin Comisky
> **Attorney for Plaintiff**
> Herman Steerman
> **Attorney for Defendant**

APPROVED:
> Mary Soloff
> Samuel Soloff"

A reading of the record indicates that this was not a temporary order nor one intended to terminate at the end of three years. It is clear that for the three year period the order was not to be modified for any reason other than changed financial circumstances of the appellant. This order was in fact litigated in the County Court of Philadelphia beyond the three year period and payments pursuant to this order have continued. There is in fact a decision by Judge SCHWARTZ reserved as of January 15, 1969.

Appellee proceeded in Montgomery County upon a civil complaint for support under The Pennsylvania Civil Procedural Support Law, July 13, 1953, P. L. 431, 62 P.S. 2043.31, and relies upon Section 10 thereof as the basis for the Montgomery County court's jurisdic-

tion. Said Section is as follows: "The court making the order shall at all times maintain jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order, without limiting the right of a complainant to institute additional proceedings for support in any county wherein the defendant resides or where his property is situated."

This section authorizes the courts throughout the Commonwealth to enforce existing orders by attachment or execution and not the entry of additional orders or the modification of an existing order.

Once the jurisdiction of a court attaches in a support case, it continues until the matter is completely and finally determined. *Commonwealth ex rel. Williamson v. Williamson*, 215 Pa. Superior Ct. 731, 255 A. 2d 595 (1969). And it is res adjudicata as to all attempts to infringe upon the court's power to control its own order. *Commonwealth v. McAlaine*, 193 Pa. Superior Ct. 27, 163 A. 2d 711 (1960).

In *Commonwealth v. Williamson*, supra, the decision of Judge LOWE of the Court of Common Pleas of Montgomery County was affirmed per curiam by this Court. In referring to the argument in that case similar to the one made in this case that Section 10 of the Act, supra, conferred jurisdiction, he said: "First, relatrix (or one similarly situated) being dissatisfied with the amount of the original order, might thereafter pursue subsequent remedies in other counties. This could lead to 'shopping' for a receptive court, multiple concurrent proceedings, and confusion in enforcement. The second objection relates to the first: a second or subsequent order in another county is, in effect, a modification of the original order. Because this Court has no knowledge of the facts upon which the original order was predicated, it cannot affirmatively find

changed conditions or circumstances affecting the parties essential to a modification thereof. Commonwealth of Pennsylvania ex rel. Naselsky v. Naselsky, 199 Pa. Superior Ct. 270 (1962)."

The foregoing is true even though collateral matters between the same parties may have been brought in a county other than the one in which the order was entered. *Commonwealth v. Peters,* 178 Pa. Superior Ct. 82, 113 A. 2d 327 (1955).

The order of the Court of Quarter Sessions of Montgomery County is reversed and the petition for support dismissed. The record is remanded to Judge Schwartz of the Court of Common Pleas, Family Division, of Philadelphia for determination under the Reserved Decision of January 15, 1969.