392 A.2d 804

COMMONWEALTH of Pennsylvania ex rel. Linda K. FIEBIG,

v.

Glen D. FIEBIG, Appellee.

**Appeal of Linda K. FIEBIG.**

Superior Court of Pennsylvania.

Argued March 27, 1978.

Decided Oct. 20, 1978.

John B. Mancke, Harrisburg, for appellant.

Scott E. Townsley, with him Joseph W. Longergan, Norristown, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, Judge:

This is an appeal by the relatrix-appellant, Linda K. Fiebig, from the order of the Court of Common Pleas of Cameron County modifying an agreed order of support which had previously been entered in the Court of Common Pleas of Dauphin County on behalf of the parties' minor son. The events giving rise to this anomalous situation are as follows.

On August 29, 1974, the parties, now divorced, filed an agreed order of support in the Court of Common Pleas of Dauphin County providing that the appellee, Glen D. Fiebig, would pay the sum of $35.00 per week for the support of their one child. Appellee complied with this order and nothing untoward transpired for several years. The problem, which eventually precipitated this appeal, first developed when the Domestic Relations Officer of Cameron Coun-

ty received a short letter from the Domestic Relations Office of Dauphin County under date of July 14, 1976. The letter was in regards to the instant parties and simply stated:

"Enclosed herewith for transfer please find certified copy of Court Order and xerox copy of our payment record. The defendant lives at R.D. # 1, Box 390 D, Emporium, Pennsylvania 15834. The checks of course will continue to be sent to Dauphin County for transmittal to Linda K. Fiebig, R.D. # 2, Box # 93, Hummelstown, Pennsylvania."

Several months later on February 2, 1977, the District Attorney of Cameron County filed—pursuant to the request of appellee and his counsel—a motion seeking review of the original Dauphin County support order because of an alleged change in appellee's financial condition. On March 14, 1977, a hearing was held on this "Motion for Review." Appellant was neither notified nor present at the hearing. The District Attorney of Cameron County, however, appeared ostensibly on behalf of appellant—albeit without her consent or knowledge. At the hearing appellee, who is a Pennsylvania State Trooper, testified that since the original Dauphin County support order he has remarried and has another child with another on the way. He further testified that his expenses have substantially increased and he would need a reduction of the existing support order to meet his obligations. Appellee further acknowledged that he was technically in arrears several hundred dollars, but explained that this was due principally to the appellant's failure to give him credit for those times during the year when the parties' child was in his custody. At the conclusion of this hearing, the Cameron County court reduced the original support order of Dauphin County from $35.00 per week to $40.00 per month. On March 23, 1977, the lower court (Cameron County) entered an order amending its earlier order of March 14, 1977, by adding thereto: "No arrearages are due." On April 6, 1977, appellant perfected the instant appeal. Nevertheless, on October 6, 1977, the Cameron County District Attorney filed a "Motion for Supplemental Hearing" stating that the

lower court judge had advised him that his examination of the transcript revealed an incomplete record. Specifically, it was asserted that the record was deficient in that it did not contain the so-called transmittal letter of July 14, 1976, from Dauphin County to Cameron County. A brief hearing was conducted relative to this matter on October 10, 1977. At this hearing appellee testified that in June of 1976 he mailed his support check to the Domestic Relations Office of Dauphin County together with a note requesting that his case be transferred to Cameron County—where he was now residing—for the purpose of having it reviewed. So ended the proceedings in the court below.

Appellant advances several assignments of alleged error. First and foremost is the contention that the Court of Common Pleas of Cameron County lacked the jurisdiction to modify the original and existing order of support which had previously been entered in the Court of Common Pleas of Dauphin County. Appellee and the court below, on the other hand, take the position that the Dauphin County letter of July 14, 1976, effectively transferred venue and jurisdiction of the entire case to Cameron County. In short, appellee contends the letter operated to divest Dauphin County of jurisdiction. This position is untenable.

Section 10 of The Pennsylvania Civil Procedural Support Law entitled "Jurisdiction," Act of July 13, 1953, P.L. 431, § 10, 62 P.S. § 2043.40 provides as follows:

"*The court making the order shall at all times maintain jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order,* without limiting the right of a complainant to institute additional proceedings for support in any county wherein the defendant resides or where his property is situated." (Emphasis added.)

In *Commonwealth ex rel. Soloff v. Soloff,* 215 Pa.Super. 328, 332, 257 A.2d 314, 317 (1969), we had occasion to construe § 10, supra, and observed that:

"This section authorizes the courts throughout the Commonwealth to enforce existing orders by attachment or

execution and not the entry of additional orders or the modification of an existing order."

We further noted that once the court obtains jurisdiction in a support case and enters the original order, it retains jurisdiction until the cause is completely and finally concluded. *Soloff,* supra.

■ Given the foregoing principles, we emphatically reject appellee's contention that the Dauphin County letter of July 14, 1976 constituted a relinquishment or surrender of jurisdiction by Dauphin County. To reiterate, the pertinent portion of the letter in question states: "Enclosed herewith *for transfer* please find certified copy of Court order and xerox copy of payment record." (Emphasis added.) Both appellee and the court below have seized upon the phrase "for transfer." While we are at a loss to explain what exactly the Domestic Relations Office of Dauphin County had in mind when it used this terminology, we are certain it cannot be given the significance or weight ascribed to it by the lower court. For it must be remembered that this letter was in response to the appellee's request that he wanted the original support order reviewed in Cameron County merely because he was now residing there. It is well-settled that a change in one of the parties' residence will not oust the jurisdiction of the court which entered the original order of support. *Commonwealth ex rel. Davidow v. Davidow,* 223 Pa.Super. 99, 296 A.2d 862 (1972). Moreover, as best we can discern the appellant was never even notified or given opportunity to object to the so-called transfer of jurisdiction. Cf. *Bloom v. Bloom,* 238 Pa.Super. 246, 362 A.2d 1024 (1976).

■ In sum, it is apparent that both appellee and the lower court have from the outset misperceived the purpose and application of the Civil Procedural Support Law. To be sure, appellee is entitled to seek review of the original order of support; however, absent the complainant's consent, this can only be accomplished in the court which entered the original order.

The Orders of March 14 and 23, 1977 are reversed and vacated; the original Order of support entered in Dauphin County on March 29, 1974 is reinstated.

HOFFMAN, J., did not participate in the consideration or decision of this case.