Helen Sledge, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 8, 1979, before Judges Rogers, Blatt and MacPhail, sitting as a panel of three.

*Margarita Navaroo,* for petitioner.

*Robert E. Kelly,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 26, 1979:

The appellant, Helen Sledge, appeals here from an order of the Pennsylvania Department of Public Welfare (DPW).

The appellant and her two daughters are recipients of benefits under the program of Aid to Families with Dependent Children (AFDC). Pursuant to a lower court support order, she also received support for the children from their father, which she was required to assign to the DPW. 42 U.S.C. §602(a)(25) and 55 Pa. Code §§141.21, 187.23. She made this assignment in July of 1976. In September of 1976, one of her daughters became a recipient of public assistance benefits but that daughter was removed from the assistance rolls and the appellant reimbursed the DPW for that daughter's share of the public assistance benefits received. Since then, the DPW has been collecting and retaining the entire support payment. In 1977, the appellant requested a fair hearing from the DPW to determine whether or not it was properly retaining all of these support payments, and she sought to have the DPW split the amount of the court's support order into one-thirds of all future and back payments, claiming that any portion attributable to either daughter not receiving public assistance should not be retained by the DPW. The Hearing Examiner concluded that the DPW lacked the authority and jurisdiction to split the support order and to grant this relief. This appeal followed.

The appellant maintains that the DPW may not collect a portion of a court support order which is attributed solely to a child who is not a public assistance recipient. We agree.

The DPW Regulations specifically require:

Assignment to the Department of all rights to support payments received due or accrued *on*

*behalf of any family member for whom assist-*
*ance is to be granted or is being received. . . .*
(Emphasis added.)
55 Pa. Code §141.21(d)(1).

The DPW, therefore, should be collecting only the support payments received on behalf of a family member who is receiving public assistance.

The DPW argues here, however, that it has no power to split the court's support order[1] and that the appellant must first seek a "modification" of the order in a court of competent jurisdiction, *i.e.,* in the Court of Common Pleas of Philadelphia County which issued the original order.

The lower court's order here was for "$36 weekly for wife and two (2) children," and we agree that it would be inappropriate for the DPW to determine how much of this amount is attributable to the support of any *one* of the persons mentioned. The jurisdiction for such determination lies in the court which issued the order. *Commonwealth ex rel. Soloff v. Soloff,* 215 Pa. Superior Ct. 328, 257 A.2d 314 (1969). Nevertheless, inasmuch as it is inappropriate for the DPW to collect support payments which are received on behalf of a daughter who is not receiving assistance, we believe that this matter should now be remanded to the DPW so that the appellant may be given an opportunity to secure a modification of the court order which will establish the amount of that order which the DPW is presently improperly collecting.

We will therefore affirm the order of the DPW in part only, on the basis that it lacked jurisdiction to make any substantive determination concerning the

---

[1] The DPW also maintains that it is without jurisdiction to grant the appellant's request for retroactive relief because only the Board of Finance and Revenue may make such an award. Having decided the case on other grounds, we do not reach this issue.

support order, and remand this matter for action consistent with this opinion.

ORDER

AND Now, this 26th day of June, 1979, the order of the Pennsylvania Department of Public Welfare in the above-captioned matter is hereby affirmed in part and the matter is remanded to the Department of Public Welfare for action consistent with this opinion.