411 A.2d 550

COMMONWEALTH of Pennsylvania

v.

James J. GOODYEAR, Appellant.

Superior Court of Pennsylvania.

Argued June 4, 1979.

Filed Oct. 5, 1979.

Wayne F. Shade, Carlisle, for appellant.

Robert C. Saidis, Carlisle, for appellee.

Before PRICE, GATES * and DOWLING,* JJ.

DOWLING, Judge:

This is an appeal from an order of the court below granting appellee's petition for support.

 Our function on review is to determine whether there is sufficient evidence to sustain the court below or whether the lower court was guilty of an abuse of discretion.

\* President Judge G. THOMAS GATES of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

A finding of abuse is not to be lightly made, but only upon a showing of clear and convincing evidence. Reviewing courts are wisely becoming more reluctant to substitute themselves as super-support courts when they have not had the opportunity to see and hear the witnesses and to determine credibility. *Commonwealth ex rel. McQuiddy v. McQuiddy,* 238 Pa.Super. 390, 358 A.2d 102 (1976); *Commonwealth ex rel. Caplan v. Caplan,* 236 Pa.Super. 605, 346 A.2d 822 (1976); *Weiser v. Weiser,* 238 Pa.Super. 488, 362 A.2d 287 (1976). Appellate review of support orders is defined very narrowly, and we will not interfere with the lower court's determination, absent a very clear abuse of discretion. *Commonwealth ex rel. Sosiak v. Sosiak,* 177 Pa.Super. 116, 111 A.2d 157 (1955). *Commonwealth ex rel. McQuiddy v. McQuiddy,* supra.

In defining what is an abuse of discretion warranting reversal of the lower court's order, this Court stated in *Commonwealth ex rel. Levy v. Levy,* 240 Pa.Super. 168, 174, 361 A.2d 781, 785 (1976):

> "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment is manifestly unreasonable, as the result of partiality, prejudice, bias or ill-will, as shown by the evidence in the record, discretion is abused."

Appellant objects on two grounds. First, it is contended that appellee's continued intoxication and false accusations of infidelity, in conjunction with changing the locks on the entireties' dwelling, constitutes indignities to the person of the appellant, hereby operating to deprive her of any right to support.

With respect to the charges of continued intoxication and false accusations, the lower court found that appellee's behavior was neither so frequent nor so severe as to either rise to the level of a "course of conduct", or render appellant's condition "intolerable or burdensome", as required under the definition of indignities in *Narbesky v. Narbesky,* 255 Pa.Super. 48, 386 A.2d 129 (1978).

As for the claim that the separation between the parties was instigated by appellee by virtue of a temporary lock-out, the lower court concluded that appellant's departure from the entireties' dwelling was not compelled and therefore constituted insufficient grounds for divorce under *Commonwealth ex rel. Rovner v. Rovner,* 177 Pa.Super. 122, 111 A.2d 160 (1955).

The trial judge heard and evaluated the parties' testimony, applied the relevant law, and determined that appellant's case had fallen short of showing grounds for divorce. Consequently, the court found no legal cause foreclosing an order of support. *Commonwealth v. Deose,* 194 Pa.Super. 466, 168 A.2d 791 (1961). We are not persuaded that the lower court abused its discretionary power in reaching this conclusion.

■ Appellant's second claim is that the record discloses substantial financial parity between the parties, obviating any legal need for support on the part of appellee. The lower court rejected this argument concluding that a gross disparity existed between the parties' respective incomes. This conclusion was predicated on financial statements listing sources of income and items of expense, as well as the testimony. A review of the record discloses that it is susceptible to conflicting interpretations concerning two lynchpins of appellee's claim for support: the number of hours which she normally works per week; and her total wages, consisting of salary plus tips.

The lower court resolved both questions in favor of appellee. Utilizing appellee's computations, as accepted by the court below, the support order is in conformance with the one-third rule of *Commonwealth ex rel. Decker v. Decker,* 204 Pa.Super. 156, 163, 203 A.2d 343, 346 (1964). The hearing judge properly reached his decision by determining that amount which is necessary to maintain appellee on the economic plateau attained by the parties during their married life. It was appellant who acclimated appellee to the standard of living she presently employs, and it is to this standard that appellant must be held if he is capable.

330

*Commonwealth ex rel. Goichman v. Goichman,* 226 Pa.Super. 311, 316 A.2d 653 (1973); *Commonwealth ex rel. Gitman v. Gitman,* 428 Pa. 387, 237 A.2d 181 (1967).

The lower court concluded that appellee's testimony merited greater weight than did appellant's contrasting version. Bearing in mind the prerogative of the finder of fact to determine questions of credibility, we are unable to find that the lower court's holding was founded upon either a misapplication of law or an unreasonalbe or impartial judgment, or otherwise involved an abuse of discretion.

Order affirmed.