416 A.2d 526

**COMMONWEALTH of Pennsylvania ex rel. Dorothy JONES**

**v.**

**John B. JONES, Jr.**

**Appeal of Dorothy CUMMISKEY, formerly Dorothy Jones.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Filed Dec. 7, 1979.

418

Parker H. Wilson, Norristown, for appellant.

Mark E. Weand, Jr., Ambler, for appellee.

Before VAN der VOORT, HESTER and WIEAND, JJ.

WIEAND, Judge:

This is an appeal from an order which vacated a prior support order because the petitioner and the defendant moved from the county where the order had been entered. We reverse.

The action was instituted by petition under the Civil Procedural Support Law of July 13, 1953, P.L. 431, 62 P.S. § 2043.31, et seq. On April 12, 1976, the Court of Common Pleas of Montgomery County entered an order directing John B. Jones, Jr., appellee, to pay $225.00 per week for the support of a wife, Dorothy, and two children. After John and Dorothy had been divorced, the order was modified *by agreement* on August 9, 1977, to require appellee to pay $100.00 per week for the support of his two sons. At the time of entering this agreed order, appellee was a resident

of New Jersey and appellant and the two children were living in Bucks County, Pennsylvania. On February 17, 1978, appellee filed a petition to vacate, and on March 29, 1978, the court vacated the order "for lack of venue", effective May 12, 1978. Dorothy Jones appealed.

Appellee concedes that the court had jurisdiction to enter the initial order. Thereafter, the Court of Common Pleas of Montgomery County maintained "jurisdiction of the cause for the purpose of enforcement of the order and for the purpose of increasing, decreasing, modifying or rescinding such order . . . ." Civil Procedural Support Law, § 10, 62 P.S. § 2043.40. It is clear, therefore, that the Montgomery County Court was not deprived of jurisdiction because one or both parties moved from the county in which the order had been entered. See: *Commonwealth ex rel. Fiebig v. Fiebig*, 258 Pa.Super. 300, 392 A.2d 804 (1978). Cf. *Commonwealth ex rel. Soloff v. Soloff*, 215 Pa.Super. 328, 257 A.2d 314 (1969).

 Moreover, when appellant agreed to the entry of a modified order on August 9, 1977 he thereby waived any issue of personal jurisdiction or venue. Questions which relate to the method by which a court having subject matter jurisdiction first obtains superintendence of the cause of action must be raised at the first reasonable opportunity or they are waived. *Commonwealth ex rel. Schwarz v. Schwarz*, 252 Pa.Super. 95, 99, 380 A.2d 1299, 1301 (1977); *Collier Township v. Robinson Township*, 25 Pa.Cmwlth. 227, 230, 360 A.2d 839, 840 (1976).

 We conclude, for these reasons, that the Court of Common Pleas of Montgomery County, having had jurisdiction to enter the initial order, retained jurisdiction even after the parties had moved from Montgomery County. The order could not properly be vacated on grounds of a lack of jurisdiction or because of improper venue.

The trial court also expressed concern that appellee had been prevented by appellant from exercising visitation rights granted with respect to his children. This, however,

is not a proper basis on which to terminate an order of support for the children. See: *Commonwealth ex rel. Zercher v. Bankert,* 266 Pa.Super. 595, 405 A.2d 1266 (1979); *Commonwealth ex rel. Chila v. Chila,* 226 Pa.Super. 336, 313 A.2d 339 (1973).

Reversed and remanded with instructions to reinstate the order of August 9, 1977.