484 A.2d 117

**COMMONWEALTH ex rel. Andree M. LEIDER, Now Known As Andree Banks**

v.

**David S. LEIDER, Appellant.**

Superior Court of Pennsylvania.

Argued June 26, 1984.

Filed Nov. 2, 1984.

Neil Hurowitz, King of Prussia, for appellant.

Robert M. Berger, Philadelphia, for appellee.

Before OLSZEWSKI, POPOVICH and CERCONE, JJ.

POPOVICH, Judge:

This is an appeal by appellant, David S. Leider, from an order of the Court of Common Pleas of Philadelphia County, Family Division, dated March 1, 1982, which modified, retroactive to January 20, 1982, the support order for the couples' child, Suzanne.

On January 3, 1967, the Court of Common Pleas of Philadelphia County entered an order of support requiring David S. Leider to provide support for Suzanne in the amount of $20.00 per week. This order was complied with until August 9, 1980, when Suzanne attained the age of 18. Appellee filed a Petition to Modify the support order since Suzanne had enrolled in Villanova University. Appellant also filed preliminary objections to appellee's Petition alleging that the Court of Common Pleas of Philadelphia County lacked jurisdiction over the matter. The court overruled the objections by order dated November 6, 1981.

Instantly, appellant claims that the Court of Common Pleas of Philadelphia County lacked jurisdiction since (1) both parties reside outside of its jurisdiction, specifically,

one party resides in Chester County and the other in Florida; (2) said petition is in reality a petition for contribution for college expenses and was, therefore, filed in an improper forum; (3) that appellee is an improper party-plaintiff and should have been named as a party-defendant; (4) that appellee has no standing to bring a support action for college expenses on behalf of her adult daughter; and (5) the action should have been brought under the Revised Uniform Reciprocal Enforcement of Support Act, 42 Pa.C. S.A. § 6741 and that, applying said Act, jurisdiction and venue are lacking.

Appellant's contentions are meritless. Title 42 Pa.C.S.A. § 6710 provides that the court making a support order shall

at all times maintain jurisdiction of the cause for the purposes of ... increasing, decreasing, modifying or rescinding such order, without limiting the right of a complainant to commence additional proceedings for support in any county wherein the defendant resides or where his property is situated.[1]

Moreover, § 6751 of the Revised Uniform Reciprocal Enforcement of Support Act provides

The court may decline or refuse to accept and forward the petition on the ground that it should be filed with some other court of this or any other state where there is pending ... or where another court has already issued a support order in some other proceeding and has retained jurisdiction for its enforcement.[2]

In *Commonwealth ex rel. Fiebig v. Fiebig,* 258 Pa.Super. 300, 392 A.2d 804 (1978), the court held

It is well-settled that a change in one of the parties' residence will not oust the jurisdiction of the Court which entered the original order of support.

---

1. 1978, April 28, P.L. 202, No. 53, § 10(88), eff. June 27, 1978. As amended 1980, October 5, P.L. 693, No. 142, § 501(a). [Suspended by Pa.R.C.P. No. 1910.31(9), Adopted April 23, 1981, effective July 22, 1981 *see* Pa.R.Civ.P. 1910.18]

2. 1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978.

258 Pa.Superior Ct. at 304, 392 A.2d at 806. In *Common-wealth ex rel. Jones v. Jones,* 272 Pa.Super. 417, 416 A.2d 526 (1979), the Court reversed an order of the lower court which vacated a prior support order because petitioner and the defendant moved from the county where the order had been entered and held that since the original court had jurisdiction to enter the original order, that court could maintain jurisdiction even though both parties had moved from the county where the original order was entered. The court stated:

> It is clear, therefore, that the Montgomery County court was not deprived of jurisdiction because one or both parties moved from the County in which the order had been entered.

272 Pa.Superior Ct. at 419, 416 A.2d at 526. *See also Commonwealth ex rel. Kessler v. Kessler,* 260 Pa.Super. 169, 393 A.2d 1205 (1978) and *Soloff v. Soloff,* 215 Pa.Super. 328, 257 A.2d 314 (1969).

■ The Court of Common Pleas of Philadelphia County clearly maintains jurisdiction to modify the support order entered against appellant.

■ The fact that Suzanne has attained the age of 18 does not end appellant's duty of support and does not dislodge the jurisdiction which originally attached. Where a child has the ability and incentive to pursue a college education, a parent has a legal duty to furnish aid, subject to the ability to provide financial assistance without undue hardship. *Lederer v. Lederer,* 291 Pa.Super. 22, 435 A.2d 199 (1981). Moreover, appellee had standing to bring such support action on behalf of Suzanne. For

> [w]e think in the context of the "support law", supra, age should not be completely determinative of whether a person should bring his own action . . . .
>
> . . . [t]o require [Suzanne] to initiate [her] own action for support as a result of attaining [her] eighteenth birthday, is not rational, especially in view of the fact that the

support order promulgated by the Montgomery Court was still in effect.

*Commonwealth ex rel. Kessler v. Kessler,* 260 Pa.Superior Ct. at 172, 393 A.2d at 1206.

■ Although it would have been possible for Suzanne to have maintained an action on her own behalf against her parents [3] for contribution to college expenses, since Suzanne lives with appellee and is supported by her mother, appellee has standing.

Appellant further contends that the trial court should have granted his petition to vacate the support order because

[i]t follows that if the Court of Common Pleas of Philadelphia County was without jurisdiction or venue to entertain the petition for college expenses, the child support action should have been terminated upon the child's attaining the age of eighteen (18) which relief appellant requested. The trial court had no authority to extend the support payments beyond the date Suzanne became eighteen (18), as it was without jurisdiction or venue to consider that request.

Appellant's Brief at 19.

As we have already held that the Court of Common Pleas of Philadelphia County had jurisdiction, the question remains whether the trial court abused its discretion in increasing the amount of appellant's support obligation. Appellant argues that the trial court erred in entering the support order for college expenses because no testimony was presented as to appellant's income and assets.

Since

[i]t had been over a year and a half since any support had been tendered for the subject minor, Susan (sic) Leider [and since] appellant absented himself from hearings listed on October 27, 1980, November 26, 1980, January 27, 1981, May 1, 1981, November 6, 1981, January 20,

3. *Hutchinson v. Hutchinson,* 263 Pa.Super. 299, 397 A.2d 1218 (1979).

1981, (sic) and March 1, 1982, .... [t]he Court was faced with the problem of entering an order for support or waiting for either contempt of court sanctions to be imposed or the respondent to appear and proceed with the hearing. The former decision seemed the only choice designed to effectuate the purpose of the support laws, to wit: *to provide for minor children until their emancipation to their ability.* Opinion, Dandridge, J. at 3. (Emphasis in original)

We agree.

 Our scope of review is limited to a determination of whether the order of support can be sustained on any valid grounds. *Marvin v. Marvin,* 193 Pa.Super. 179, 164 A.2d 128 (1960). We must determine whether there was sufficient evidence to sustain the lower court order or alternatively, whether the lower court was guilty of an abuse of discretion. A finding of abuse of discretion is not lightly made; but only upon a showing of clear and convincing evidence. *Commonwealth ex rel. Hartranft v. Hartranft,* 267 Pa.Super. 572, 407 A.2d 389 (1979). *See also Commonwealth ex rel. Caswell v. Caswell,* 280 Pa.Super. 359, 421 A.2d 762 (1980).

When reviewing a petition for modification of a support order, the lower court must consider all pertinent facts and the court's decision must be based upon facts appearing in the record which indicate that the movant did or did not meet his or her burden of proof as to changed circumstances.

*Commonwealth ex rel. Scanlon v. Scanlon,* 311 Pa.Super. 32, 457 A.2d 98 (1983). We are mindful that "[e]ach parent's ability to pay is dependent upon his or her property, income and earning capacity." *Conway v. Dana,* 456 Pa. 536, 538, 318 A.2d 324, 326 (1974).[4]

---

**4.** The testimony indicated that at the time of the hearing appellee worked as a sales clerk and earned $123.78, after taxes, per week. She and her daughter were planning to move to a new apartment since they had been unable to afford their current rent. She had $11,000 in the bank, which she used to supplement her income but which "can't last much longer." (N.T. at 32).

In *Commonwealth v. Schofield,* 173 Pa.Super. 631, 98 A.2d 437 (1953), this court held

Ordinarily, an order of support must be based upon appellant's property, income and earning ability at the time of the hearing. (cites omitted) However, the court is not restricted to a husband's actual earnings as the sole basis of a support order, but is entitled to consider also his earning power. (cites omitted) This is particularly true where there may be some question as to the husband's good faith.

In the case before us the husband is a structural engineer and his earnings at the time the parties separated were about $150 a week. Once again it must be remembered that the husband instituted this action, but did not see fit to appear and testify. In *Commonwealth ex rel. Rey v. Rey,* 159 Pa.Super. 284, 48 A.2d 131 [(1946)], this court held that where the defendant does not take the witness stand and divulge his financial status, the court should draw liberal inferences in favor of the wife from the testimony presented in her behalf.

173 Pa.Superior Ct. at 646–647, 98 A.2d at 444. Relevant also is *Berry v. Berry,* 278 Pa.Super. 30, 419 A.2d 1340 (1980) wherein the court stated

[Appellee's] continued failure to appear at any of the scheduled hearings presents two major problems. First, it prohibits appellant from proving that there is a change in circumstances on [appellee's] part, i.e. whether or not she is working. Second, [appellee's] failure to appear prevents ... proof as to whether she is entitled to receive continued assistance if, in fact, that is the case ....[5]

278 Pa.Superior Ct. at 34, 419 A.2d at 1342.

In her Petition, appellee alleged the following changes in circumstances:

a. Inflation has decreased the value of the dollar.

5. The case was continued from January 20, 1982, to March 1, 1982, so that appellant could appear.

b. Defendant's business fortunes have improved and he is presently a certified public accountant.

c. Respondent inherited a sizeable estate from his father.

d. Suzanne Leider, the child of the parties, has enrolled in Villanova University where she will be attending classes at the beginning of September this year. Tuition is $4,000 per year without board. In addition to which there will be the following estimates (sic) expenses:

| | |
|---|---|
| Books | $200 |
| Food | 25 per week |
| Clothes | 20 per week |
| Travel expenses to college | 15 per week |
| Room rent | 25 per week |

Appellant subsequently filed a Petition to Vacate the Support Order which simply alleged that his obligation to support Suzanne terminated upon her attaining the age of 18. At no time did he deny the allegations in appellee's Petition,[6] and we have already held that his obligation did not automatically cease at Suzanne's eighteenth birthday. Appellant's counsel denied none of appellee's allegations at trial, nor is there a denial contained in appellant's brief. Indeed, appellant's attorney conceded that appellant is a certified public accountant (N.T. 1/20/82 at 26).[7] Pursuant to our power to consider appellant's earning capacity and since appellant was duly notified but refused to appear to defend against this action for modification and since the amount which appellant should be ordered to pay is largely in the discretion of the trial court, we perceive no abuse of discretion in the order to pay the sum of $75 per week for Suzanne's support retroactive to January 20, 1982.[8]

Order affirmed.

---

6. *See,* by way of analogy, *Kappe Associates Inc. v. Aetna Casualty and Surety Co.,* 234 Pa.Super. 627, 341 A.2d 516 (1975).

7. An admission of an attorney may be binding upon his client. *Umani v. Reber,* 191 Pa.Super. 185, 155 A.2d 634 (1959).

8. The lower court agreed to review the order after six months if "any undue hardships were occasioned by the order." (Opinion, Dandridge, J. at 2).