489 A.2d 804

**COMMONWEALTH of Pennsylvania ex rel. Patricia A. COCHRAN a/k/a Patricia Avery Keuther, Appellee,**

v.

**W. Peter COCHRAN, Appellant.**

Superior Court of Pennsylvania.

Argued July 19, 1984.

Filed Feb. 27, 1985.

Donald Brown, Philadelphia, for appellant.

Judith S. Eden, Philadelphia, for appellee.

Before CAVANAUGH, BECK and TAMILIA, JJ.

PER CURIAM:

The proceedings in the court below were based on a petition by the appellee, Patricia A. Cochran, for an increase in support for her two children, one of whom was attending college at the time of the petition; a second petition was to hold the appellant, W. Peter Cochran, in contempt for failure to comply with a previously entered support order.[1] The support order in question was entered by agreement by Judge Reed in 1981 and was in the amount of $200.00 per week for the support of two children, one of whom was eighteen and the other was approximately twelve years of age. A hearing was held in the court below before Judge Bloom who entered two orders from which consolidated

1. Absent agreement, the parents' duty to support a child in college is enforceable only if it is not an undue hardship on that parent. Since the underlying basis for support of a minor is qualitatively different and requires sacrifice on the part of a parent, while college maintenance does not, the change of circumstances which might require an increase for child support is inoperative as it applies to college expenses. Here, the amount previously awarded for support, $100 a week, if converted to payment for the basic expenses of Jill's college, is reasonable and non-confiscatory, but will require some effort upon Jill's part and that of her mother, to provide her with all the amenities the mother believes necessary. Jill apparently recognizes this in her commendable efforts to work during the summer.

appeals were taken to this Court. On August 5, 1983, the court entered an order directing the appellant to pay $2,288.00 to the appellee to reimburse her for their daughter's college expenses for one year.[2] A second order of the same date determined that the appellant was in contempt of court and directed him to pay $1,000.00 to the appellee to purge himself of contempt and also increased child support from $200.00 per week to $225.00 per week.

At the hearing of June 9, 1981, it was agreed between counsel for the parties, among other things, that the appellant would contribute to reasonable college expenses for Jill Cochran, who at that time was contemplating attending college. The appellee was divorced from the appellant and after the June, 1981, hearing she remarried.

At the hearing before Judge Bloom on the basis of appellee's petition for increased support as discussed above, the record established that the appellant had allowed substantial arrearages to accrue for child support on the support order. In addition, his daughter, Jill, was then attending Kutztown State College. There was extensive testimony concerning college expenses for Jill Cochran. It appeared that her mother, the appellee herein, who had a real estate license, was not working at the time and that she stayed home to take care of her son. When the appellee remarried after the June, 1981, hearing her standard of living improved substantially over what it had been when she was married to the appellant.

2. The court subsequently amended this order on August 17, 1983, and increased the amount to be reimbursed to $4,288.00 after recalculating the amount of college expenses. The court found reasonable college expenses paid by the appellee as follows:

| | |
|---|---|
| Tuition, room and board | $3,138.00 |
| Travel | 850.00 |
| Medical | 100.00 |
| Clothing | 500.00 |
| Miscellaneous expenses | 1,000.000 |
| Total | 5,588.00 |
| Credit for car | −1,300.00 |
| Amount to be paid | $2,288.00 |

The court, by an error in subtraction, arrived at the figure of $2,288.00 rather than $4,288.00.

The appellant at the time of the hearing was in the real estate and building business which had been in a serious recession. The testimony established that he had been in the real estate business for many years. The appellant introduced W–2 Forms from his own corporations which indicated that he had an earned income of some $14,000.00 in the year 1982. He testified that he had to borrow $5,000.00 from his mother and $10,000.00 from his girl-friend's mother in order to live. There were various judg-ments against his building corporation and against him personally. Around this time he had sold a number of buildings for substantial prices but he testified that these were subject to large encumbrances, so that the net pro-ceeds were relatively small. Nevertheless, he admitted that in 1981 he bought his girlfriend a sports car for which he paid $12,000.00 in cash.

██ Appellant contends that the court below erred in entering an increased support order as the child for whom support was increased was an adult and was not a party to the action. We agree. Pa.R.C.P. 1910.3(4) in dealing with actions for support provides:

**Rule 1910.3. Parties**

An action shall be brought

(4) by a parent on behalf of a child over eighteen years of age to whom a duty of support is owing, with the written consent of the child.

Pa.R.C.P. 1910.3, defining who may bring an action for support, includes a petition to increase support brought by a parent of a child over eighteen years of age who is receiv-ing support payments on behalf of such child.[3] Therefore,

---

**3.** Obviously, the child's written consent is not required for a petition by the party paying support, in this case appellant, seeking to *reduce or terminate* the support obligation. Although such a proceeding is technically an "action" as defined in 1 Pa.C.S. § 1991, in the context of Pa.R.C.P. 1910.3 "action" means actions *for* support, i.e. actions seek-ing to impose a new or additional obligation of support on another party. This construction is indicated by the references in the Rule to persons "to whom a duty of support is owing." Therefore Rule 1910.3(4) does not apply to an action to reduce or terminate support brought by a party who is the obligor under an existing support order.

the Rule should be construed to require the written consent of a child over eighteen years of age when a parent seeks to impose an additional support obligation on the other parent.[4] If through the written consent requirement we have given children over eighteen a role in the decision whether to seek a support order in the courts, there is no reason why that role should exist only if the child was not previously covered by a support order during his or her minority.

In the instant case appellee admitted that she did not have Jill's written consent to bring an action to increase support. In fact, she stated on the record that her children were not even aware that she was in court concerning their support. *See* N.T. 15–16. Appellee's explanation that she did not want to subject the children to the emotional trauma of the proceedings is insufficient, since the Rule requires only Jill's written consent, not her testimony or even her presence. Therefore, the court below should have dismissed the petition to increase support for failure to conform to Rule 1910.3, insofar as it sought increased support for Jill.

The next issue is whether or not the court below abused its discretion in increasing support as to David. In reviewing support orders, an appellate court will defer to the court below in the absence of a showing of a clear abuse of discretion. *Machen v. Machen*, 278 Pa.Super, 135, 420 A.2d 466 (1980); *Commonwealth ex rel. Scanlon v. Scanlon*, 311 Pa.Super. 32, 457 A.2d 98 (1983). The scope of review in support cases is very narrow. *Commonwealth v. Goodyear*, 270 Pa.Super. 326, 411 A.2d 550 (1979). On the other hand, the discretion to be exercised by the hearing court has been described as a "wide discretion." *Boni v.*

---

4. We recognize that in *Commonwealth ex rel, Leider v. Leider*, 335 Pa.Super. 249, 484 A.2d 117 (1984), a panel of this court held that a parent has "standing" to bring an action to increase support on behalf of her college-age child. *Leider* did not raise the issue of the child's joinder. Our decision today does not conflict with *Leider*, because we do not dispute that the parent is a proper party. We only hold that when the parent is the party plaintiff, he or she must secure the written consent of any child over age eighteen pursuant to Pa.R.C.P. 1910.3.

*Boni,* 302 Pa.Super. 102, 448 A.2d 547 (1982). Nevertheless, support orders must be fair and not confiscatory and must allow for reasonable living expenses for the supporting parent. *Commonwealth ex rel. Robinson v. Robinson,* 318 Pa.Super. 424, 465 A.2d 27 (1983); *Commonwealth v. Vogelsong,* 311 Pa.Super. 507, 457 A.2d 1297 (1983). In this case, the court was modifying an already existing support order and a support order may be modified only upon a showing of a substantial change of circumstances since the entry of the prior order. *Shank v. Shank,* 298 Pa.Super. 459, 444 A.2d 1274 (1982). The party seeking to increase a support order has the burden of proving by competent evidence the existence of material and substantially changed circumstances. *Dunbar v. Dunbar,* 291 Pa.Super. 224, 435 A.2d 879 (1981); *Chrzanowski v. Chrzanowski,* 325 Pa.Super. 298, 472 A.2d 1128 (1984). The petitioner introduced no evidence to show any change in circumstances in the appellant's case that would justify an increase in support. On the contrary, the evidence established that the husband's income and earning capacity were no greater than in 1981 and the court below abused its discretion in increasing the support order from $200.00 to $225.00 per week. We also note that the petitioner at the time she petitioned for increased support was contributing nothing to her children's support and was not working. She had skills in the real estate business which made her employable in that area. She lived in an expensive home with her present husband. She had taken vacations in Europe, Bermuda, Florida and Colorado with her husband during the short period of time they had been married. The petitioner estimated that she spent at least $5,000.00 a year on clothing and belonged to the Springton Tennis Club where she frequently played tennis. The petitioner's husband has a substantial income of over $100,000.00 per year. While he clearly has no obligation to contribute to the support of appellant's children, the record established that the petitioner, who contributed nothing to her children's support, lives in quite comfortable circumstances. In contrast, the record

indicates that the appellant's fiscal picture is not nearly as bright as that of the appellee's.

We must next consider whether the court abused its discretion in entering an order directing the appellant to reimburse the appellee in the amount of $4,288.00 for college expenses she incurred for her daughter. This was based on the court's determination that reasonable college expenses for Jill amounted to $5,588.00 per year and that the appellant should receive credit for a $1,300.00 automobile that he purchased for his daughter. The court overlooked, however, that the appellant was already under an order to pay $5,200.00 per year for his daughter's support and to direct him to, in effect, pay an additional $5,588.00 for college expenses for his daughter was in our opinion, confiscatory, and amounted to an abuse of discretion. Jill was away at college most of the time and her mother, the petitioner, testified that she was home only about twenty per cent of the time. When Jill was not attending college she worked as a waitress in Wildwood, New Jersey, during the summertime. The existing support order for two children was $10,400.00 and to add $5,588.00 for a total of $15,988.00 for one year was patently unconscionable where the father's earnings in 1982 were only $14,600.00. The court must consider the parent's ability to pay support and various factors must be considered including earning power, as well as actual earnings, other sources of income and property owned by the parent. *Commonwealth ex rel. Haggerty v. Eyster*, 286 Pa.Super. 562, 429 A.2d 665 (1981). In addition, "the duty of a parent to provide a college education for a child is not as exacting a requirement as the duty to provide food, clothing and shelter for a child of tender years unable to support himself." *Curtis v. Curtis*, 326 Pa.Super. 40, 473 A.2d 597, 599 (1984). In our opinion, the court below abused its discretion in ordering the appellant to pay his wife $4,288.00 as reimbursement for college expenses as he was already obligated to pay support by virtue of the support order of 1981. This order is reversed.

■ The final issue deals with the order of August 5, 1983, in which the appellant was held in contempt of court and directed to pay the appellee $1,000.00. Appellant was found in contempt because the court below felt that he failed to explain how he fell behind in support payments. Appellant explained that he was in the building and real estate business which had been in a depression in the previous two or three years. His ability to earn money had been severely restricted and he had been in the building business for some twenty years. He testified that he had to borrow money to live, but the court below was impressed, and properly so, with the fact that the appellant was able to buy his girlfriend an expensive car for cash. We find no abuse of discretion in holding the appellant in contempt for falling behind in his support payments as the $12,000.00 used to purchase the sports car could have been used more properly for payment of support.

The order directing the appellant to reimburse the appellee the sum of $4,288.00 is reversed; order holding appellant in contempt of court and directing that he pay $1,000.00 to the appellee is affirmed, and that part of the order increasing support to $225.00 is reversed and the support is to remain at $200.00 per week.