493 A.2d 780

**Ursula R. BLISS, Appellant,**

**v.**

**Mark C. BLISS, Appellee.**

Superior Court of Pennsylvania.

Argued March 18, 1985.

Filed May 31, 1985.

Bernard M. Berman, Media, for appellant.

Frederick W. McBrien, Norristown, for appellee.

Before WIEAND, WATKINS and GEISZ,* JJ.

WIEAND, Judge:

After a state court having jurisdiction to do so has entered an order for the support of a child, can the court thereafter act sua sponte and without notice to the parties to terminate the support order and transfer the case to the courts of another state because the parties have moved their residences from Pennsylvania? We hold that it cannot. Therefore, we reverse the order of the trial court.

On November 3, 1978, Mark Bliss and Ursula Bliss, residents of Chester County, entered an agreed order requiring Mark to pay the sum of $80 per week for the support of his son, Christopher. Subsequently, Mark moved to New York; and Ursula, who had custody of Christopher, returned with her son to her native Germany. On January 16, 1981, the parties filed an agreement to modify the prior support order. Their agreement included the following: "[husband] herein hereby submits to the jurisdiction of the appropriate Chester County Domestic Relations Office for child support matters only and agrees to submit to the jurisdiction of any court for enforcement of child support matters regardless of the residence of the parties...." The support order was modified by court order on August 20, 1981. A further modification occurred, by and with the agreement of the parties, on January 27, 1983.

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

On January 25, 1984, without notice to the parties, the court "heard" a request by its Domestic Relations Officer to transfer the support order to New York and close the matter in Chester County.[1] On March 28, 1984, the court acted sua sponte to transfer the support order to the courts of New York and terminate all proceedings in Chester County, effective January 25, 1984. The record does not disclose that notice of the court's order was ever given to either party.[2] Ursula's attorney learned of the order by chance and promptly, on May 7, 1984, filed a petition requesting the court to vacate its transfer order. This petition was dismissed on July 6, 1984. Ursula appealed.

■ The law is clear that the courts of Chester County had jurisdiction to enter a valid order of support against Mark, a resident of Chester County. See: Pa.R.C.P. 1910.-2(a). It is equally clear that the court retained jurisdiction thereafter to enforce its order. It did not lose jurisdiction merely because the parties subsequently moved out of Chester County. *Commonwealth ex rel. Jones v. Jones*, 272 Pa.Super. 417, 419, 416 A.2d 526, 526–527 (1979); *Commonwealth ex rel. Fiebig v. Fiebig*, 258 Pa.Super. 300, 304, 392 A.2d 804, 806 (1978); *Commonwealth v. Peters*, 178 Pa.Super. 82, 87, 113 A.2d 327, 329 (1955). Accord: *Commonwealth ex rel. Davidow v. Davidow*, 223 Pa.Super. 99, 103, 296 A.2d 862, 863 (1972). Moreover, Mark had expressly consented to the continuing jurisdiction of the court of Chester County. See: *Commonwealth ex rel. Slossberg v. Slossberg*, 208 Pa.Super. 419, 421, 222 A.2d 490, 491 (1966).

■ The trial court relied erroneously upon Pa.R.C.P. 1910.8. This rule provides, in part, that "[f]or the conve-

1. Mark failed to pay the order regularly, and it appears that several checks were returned for insufficient funds. The opinion of the trial court suggests that difficulty experienced in enforcing the support order was the principal reason for terminating the order and transferring the entire proceedings to New York.

2. The record also does not disclose that any court in New York has accepted the Chester County order. Appellant argues, therefore, that the court in Chester County has effectively deprived her of any enforceable order for the support of her son.

nience of parties and witnesses the court may transfer an action to the appropriate court of any other county where the action could have been brought originally or at the time of transfer." This is a rule embodying the concept of forum non conveniens. It provides for a change of venue in support actions under substantially the same standards established for civil actions by Pa.R.C.P. 1006(d). The rule, however, permits transfers only between courts of the several counties in Pennsylvania. It does not purport to sanction interstate transfers. It is also significant that although the rule, as distinguished from Rule 1006(d), does not expressly require a petition by one of the parties, it does not allow a court to act without notice to the parties who have chosen the forum in which to litigate the action for support.

The trial court, although appearing to recognize that Rule 1910.8 did not authorize interstate transfers, concluded that a transfer to another state on the court's initiative and without notice was "consistent with the spirit of Rule 1910.8." This reasoning must be rejected. By transferring the matter sua sponte to New York and terminating the order in Chester County, the trial court came into conflict with the decided cases and also with Pa.R.C.P. 1910.18(b) which provides:

> Subsequent proceedings to enforce an order ... may be brought in the court which entered the support order or the court of a county to which the order has been transferred.

This option to decide in which court to seek enforcement rests with the party seeking to enforce the order and not with the court in which the support order was entered.

When the court terminated the order in Chester County it deprived the child and his mother of a support order that could be enforced, whether by contempt proceedings, wage attachment or by execution on a judgment for arrearages. See: Pa.R.C.P. 1910.20. The father has thus been able to escape the constraints of the order entered in Chester County. To enforce the duty of support which the

father owes, appellant must commence a new action. This is an unjust and improper result. When it permitted the same, the trial court committed manifest error. The support order had been validly entered by a court having full jurisdiction. The court could not terminate that order sua sponte and without notice merely because the parties subsequently moved out of state or because of difficulty experienced in enforcing the support order.

The order terminating the prior order of support is reversed, and the support order, as last modified on January 27, 1983, is reinstated.